Battle, J.
 

 The case agreed presents two questions, of which, the first is, whether the relator had any right of action against the defendant, Lander’s intestate, for his neglect, as clerk, tó take security when he issued the writ in favor of Slade and Barrett against him, except for the penalty of two hundred dollars, given by the 42d section of the 31st chapter of the Revised Code ; and if he had not, then the second is, whether a suit can be sustained upon the intestate’s official bond after his death.
 

 Upon the first- question, we are entirely satisfied, that the only remedy given by the statute to a defendant, in an action against whom the clerk has issued a writ or other leading process, without taking a bond with sufficient security for the prosecution of the suit, from the plaintiff, as required by the 40th section of the act above referred to, is the penalty mentioned in the 42d section. No other or additional remedy is mentioned, and none other can be necessary, if the defendant choose to avail himself of his right to have the suit dismissed on motion at the return term, as prescribed in the latter part
 
 *249
 
 of the above mentioned 40th section. ITis costs, at that time, most necessarily be inconsiderable, and if he be compelled to pay them on account of the insolvency of the plaintiff, the penalty of two hundred dollars, which he may recover from the clerk, will be an ample remuneration. Hence, we find the act entirely silent as to any other or additional remedy ; whereas, in several other cases, in which a right of action, in addition to the penalty, is intended to be given to an injured party, it is given in express terms.
 

 Thus, in the 60th section of this same 31st chapter of the Rev. Code, we find it provided, that a defaulting witness shall pay the sum of forty dollars to the party, at whose instance he was summoned, “ to be recovered by
 
 scire facias,
 
 and shall be further liable to his action for the full damages, which may be sustained for the want of such witness’ testimony.”
 

 So, the 17th section of the 105th chapter of the Rev. Code, prescribes that a sheriff, for not making a due return of process which has been placed in his hands twenty days before the term of the Court, to which it is returnable, shall pay to the party aggrieved one hundred dollars ; and for a false return, shall forfeit and pay five hundred dollars, one half to the party grieved, and the other half to any person who will sue for the same, “ and moreover, be further liable to the action of the party grieved for damages.”
 

 Again, by the 81st section of the 34th chapter, a person, who entices away a slave, or harbors a runaway slave, shall forfeit and pay to the owner the sum of one hundred dollars, “ and be further liable to the owner in an action for damages.” These instances show, that wherever the Legislature inteuds to give an action for damages, on account of an injury done to a person, in addition to a penalty for the wrongful act, it is so declared in express terms, and the inference is irresistible, that where the penalty only is mentioned, the party injured cannot have any other remedy.
 

 It may be noticed, as a confirmation of this view, that in the Revised Statutes (1 Rev. Stat. chap. 31, sec. 46) the two hundred dollars, which the clerk is required to pay to the de
 
 *250
 
 fendant, for failing to take a well secured prosecution bond, is not prescribed as a-penalty, but as a certain sum, in the nature of stipulated damages ; for in the same section, a penalty of one hundred dollars is given to a common informer, for the same wrongful act, and we are not to presume that fwo distinct penalties were given for the same offense.
 

 It being thus ascertained, that the only redress given by the act, to the relator, for the
 
 non-feasemee
 
 of the clerk, was for the penalty of two hundred dollars, we are of opinion, upon the second question, that the right to sue for that abated by the death of the clerk, and that no action can now be sustained upon his official bond. The first section of the 1st chapter of the Revised Code, expressly excepts suits for penalties, from the provision which prevents the abatement of other suits, actions, or proceedings in Court. The right to sue for the penalty being gone, there is nothing to sustain the allegation of a breach of the clerk’s official bond. The right to an action, for the wrongful neglect of the clerk, died with his person, and a suit cannot now be maintained upon his official bond, any more than it can against his personal representative alono. The loss sustained in the present case by the relator, was as much owing to his own neglect as to that of the clerk, because he might have prevented it by having the suit dismissed at the return term, for the want of a prosecution bond. After such neglect, he has no pretext for complaining of the loss of his remedy for the penalty, caused by the death of the clerk.
 

 Per Curiam,
 

 Judgment affirmed.