## WALLACE v. McPHERSON.

(Filed October 17, 1905).

*Action for Penalty—Abatement by Death—Surety.*

Under section 188 of The Code, an action for a penalty, against a Register of Deeds and the surety on his official bond, abates by the death of the officer.

ACTION of State *ex rel* J. M. Wallace against J. A. McPherson and The American Bonding Co., heard by *Judge G. S. Ferguson,* at the May Term, 1905, of the Superior Court of CUMBERLAND County.

This was an action against a Register of Deeds and the Bonding Company as surety, for penalty incurred for issuing a marriage license in violation of secs. 1814-16 of The Code. Subsequent to the institution of the action, the defendant McPherson died. At the next succeeding term, his death being suggested, the court adjudged that the action abate. Plaintiff excepted and appealed.

*T. H. Sutton* for the plaintiff.
*Rose & Rose* for the defendant.

CONNOR, J. The only question presented by this appeal is whether, by virtue of section 188 of The Code, the action being for a penalty, abates. The language of the section is plain. "No action shall abate by the death, marriage or other disability of a party, or by transfer of any interest therein, if the cause of action continue or survive. In case of death, except in suits for penalties, and for damages merely vindictive * * * the court, on motion, at any time within one year * * * may allow the action to be continued by or against his representative," etc. If this section stood alone, there would be no question in respect to its construction. The court has no power in actions for penalties to make the personal representative of a deceased defendant a party, and in this condition of the record the action must abate. Such was the rule under common law procedure and Revised Code, chapter 1, section 1, which prevailed prior to the adoption of The Code. *Mason v. Ballew,* 35 N. C., 483; *Fite v. Lander,* 52 N. C., 247.

The plaintiff insists that by virtue of sections 1490-91, the right of action survives and that notwithstanding the language of section 188, the court should have made the administrator a party defendant. There does appear to be some conflict in the two sections. However this may be, the language of section 188 is conclusive upon the power of the court to make the personal representative a party. Whatever may be the right of the plaintiff to bring a new action under the provisions of sections 1490-91, the present action must abate by the express language of section 188. This disposes of the right to prosecute this action against the surety. *Fite v. Lander, supra.*

The judgment must be

Affirmed.