### UNITED STATES v. DWIGHT MFG. CO.

(District Court, D. Massachusetts. March 31, 1913.)

No. 254.

1. LIMITATION OF ACTIONS (§ 127*)—COMMENCEMENT OF ACTION—DECLARATION—AMENDMENT.

Where, in an action by the United States to recover penalties for violation of the Immigration Law (Act Feb. 20, 1907, c. 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1911, p. 499]) as to the importation of contract laborers, the five-year period of limitation expired after a demurrer had been filed, but before it was heard, but either party might have insisted on an earlier hearing, the hearing having been delayed for their mutual accommodation, the government's application to amend its declaration, filed after the period of limitations had expired, should be considered without prejudice by that fact.

[Ed. Note.—For other cases, see Limitation of Actions, Cent, Dig. §§ 543–547; Dec. Dig. § 127.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ALIENS (§ 58*)—VIOLATION OF IMMIGRATION LAWS—PENALTIES—DECLARA-
TION—AMENDMENT—LACHES OF OFFICIALS.

An application by the United States to amend a declaration, in a suit
to recover penalties for violation of Immigration Act Feb. 20, 1907, c.
1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1911, p. 499), relating to the
importation of contract laborers, could not be prejudiced by the laches
of government officials, if any, in instituting the suit.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 113, 114; Dec.
Dig. § 58.*]

3. ALIENS (§ 58*)—IMMIGRATION LAWS—PENALTIES FOR VIOLATION—DECLARA-
TION—AMENDMENT.

It was no answer to an application by the government to amend a
declaration, in a suit to recover penalties for violation of Immigration
Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1911, p.
499), with reference to the importation of contract laborers, that the
amendment would operate to assist a private persecutor in the mainte-
nance of similar suits against defendant.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 113, 114; Dec.
Dig. § 58.*]

4. LIMITATION OF ACTIONS (§ 127*)—COMMENCEMENT OF ACTION—DECLARATION.
—AMENDMENT.

Where an action was brought by the United States to recover penal-
ties for violation of Immigration Act Feb. 20, 1907, c. 1134, §§ 4, 5, 34
Stat. 900 (U. S. Comp. St. Supp. 1911, p. 503), prohibiting the importa-
tion of contract laborers, between six and nine months before the ex-
piration of the five-year statute of limitations, and a demurrer, having
been filed within the time, was not heard until long after the time had
expired, when counsel for the government applied to amend, so as to
obviate some of the objections raised by the demurrer, but not to set
up any new causes of action, an amendment should be allowed on the
understanding that the government's case should stand or fall by the dec-
laration as amended.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§
543–547; Dec. Dig. § 127.*]

At Law. Action by the United States against the Dwight Manu-
facturing Company to recover penalties for violation of Immigration
Act Feb. 20, 1907, c. 1134, §§ 4, 5, 34 Stat. 900 (U. S. Comp. St. Supp.
1911, p. 503), prohibiting the importation of contract laborers. On
motion by the United States to amend its declaration. Granted.

See, also, 210 Fed. 79.

Asa P. French, U. S. Atty., of Boston, Mass.

Charles F. Choate, Jr., of Boston, Mass., for defendant.

DODGE, Circuit Judge. This is a suit to recover penalties under
sections 4 and 5 of the Immigration Act of 1907, c. 1134, 34 Stat. 900
(U. S. Comp. St. Supp. 1911, p. 503).

The writ is dated January 22, 1912; the suit was entered in this
court at its March term (March 20) 1912; the defendant filed a de-
murrer to the declaration April 15, 1912; a motion to amend it was
filed by the plaintiff August 8, 1912; and this was allowed by consent
December 4, 1912. The demurrer filed April 15th applying to the dec-
laration as amended, there was a hearing on the demurrer February 1,
1913, but, before a decision upon the questions raised, the present mo-

tion to further amend the declaration was made; a proposed amendment being offered for filing February 14, 1913. Upon this latter motion to amend a hearing was had March 4, 1913.

As originally filed, the declaration had 97 counts, each charging the violation of section 4 in the case of a named contract laborer. The amendment allowed December 4, 1912, made corrections in the alleged names in some of the counts, and also added 25 more counts charging violations of section 4 in the cases of 25 other alleged contract laborers. In all respects save the name of the particular contract laborer, or the date of his migration or importation, all the counts are alike in form.

The objections raised in the pending demurrer are to each of the present 122 counts. For the present, the general nature of these objections may be said to be that no one of the counts states a cause of action under the statute. The validity of the objections depends upon a careful construction of the language of the statute in reference to the language in which the counts of the declaration are expressed.

In argument upon this motion the plaintiff asserts that the difference between the original declaration and the proposed amendment is almost wholly a difference of form, and that the effect of the amendment is:

"To clarify and make more definite the allegations concerning the illegal acts of the defendant, especially with reference to the offer of employment alleged to have been made by the defendant to the several contract laborers counted on, the time when and the place where the said offer was made, and the time when the several laborers migrated to the United States in consequence of such offer."

The amendment purports to obviate some of the objections raised by the pending demurrer. It may be said, however, that it does not so far change the original declaration as to set forth any new causes of action; though some of the changes are rather substantial than merely formal.

In two suits brought against the same defendant by one Uppercu in this court, on May 31 and August 26, 1910, penalties for 100 violations of the same statute were claimed, and the contract laborers mentioned in those suits appear, by comparison of names and dates alleged, to have been wholly or in great part the same as those mentioned in this case. Demurrers to the declarations in each of those cases were sustained March 9, 1911. Subsequent applications for leave to amend were denied June 1, 1911. No appeal was attempted, nor were any other suits brought by that plaintiff.

The violations of the statute asserted in this case are alleged to have been committed on various dates between July 20 and October 26, 1907. Under Rev. St. § 1047 (U. S. Comp. St. 1901, p. 727), no suit for penalties incurred by them can be maintained unless commenced within five years from the time when the penalties accrued. When this suit was commenced, therefore, from six to nine months only remained of the time after which the right to sue for such penalties would have expired by limitation, and the demurrer was filed at least three months before the expiration of that time. If leave to amend is refused, and if the pending demurrer be sustained, it is now too late to bring another suit. When the suits brought by Uppercu were disposed

of as above; ample time remained for the beginning of other suits by him, so far as Rev. St. § 1047, is concerned.

[1] The circumstances seem to me to require that the government's application should be in no way prejudiced by the fact that the five years referred to have expired since the demurrer was filed on April 15, 1912, and before it was heard on February 1, 1913, or before this motion which has followed upon the hearing. At any time after the demurrer was filed and before it was heard, it was equally in the power of either counsel to insist upon a hearing. Counsel for the United States, it may be presumed, would have insisted had they supposed that the prosecution would otherwise lose rights. The defense cannot be supposed to have attempted, and ought not to be allowed to gain, any advantage merely by refraining from demanding such a hearing. The delay appears to have been due to the fact that both counsel were pressed with other engagements and there was mutual accommodation. The court cannot say that either has had an undue share of accommodation, or a greater share than the other. I must treat the motion to amend precisely as it would have been treated if made upon a hearing on the demurrer had as soon as the demurrer had been filed and before the five-year period had expired.

In dealing with the motions to amend in the Uppercu Cases above referred to, the delay of more than 2½ years in bringing them, after the alleged commission of the violations of the statute charged, was regarded as a serious objection to any exercise of discretion in the plaintiff's favor. It was thought that, when a private plaintiff claims statutory penalties for his own benefit, he should be required, after so long a time had elapsed, to put on record at the outset, at his peril, a sufficient statement of the violations charged to show on its face that they were in fact violations of the statute sued on. The suits were regarded as so plainly unconscionable in their nature as to prevent the court from relaxing in any degree the strict rules often applied to actions of that character.

[2] Though brought under the same statute, and though relating to the same alleged contract laborers, I am unable to believe that the same principles can be properly applied to the present suit. It seems to be true that, in the reported instances in which actions for penalties have been so regarded and treated, the plaintiffs were private persons pursuing their own advantage. To proceedings by the sovereign itself, for the public benefit, the objections relied on would seem to apply with far less, if with any, force. The government would not be barred from recovering penalties of this kind by any statute of limitations except its own; clearly declaring, as Rev. St. § 1047, does, the intent of Congress that it should apply to proceedings of the kind in question. Nor, within the limited period, can the defendant in such proceedings complain of any delay in instituting them. From the laches of the government officials, if any, he can derive no benefit.

[3] The defendant contends that to allow the amendment offered will be to "assist Uppercu in his persecution of this defendant," and urges that it has been constantly harassed since May, 1910, with suits brought and instigated by him. It seems to me, however, impossible,

in any event, for the court to inquire into the motives which induced the proper officials of the government to set this prosecution on foot; nor do I find anything in the record which supports the view which the defendant urges.

[4] I am, on the whole, unable to believe that the court would be justified in refusing the leave to amend asked for. Upon the understanding, suggested by the government itself, that it is to stand or fall by the declaration as now amended, the amendment is allowed.