## UNITED STATES v. DWIGHT MFG. CO.

### (District Court, D. Massachusetts. November 19, 1913.)

### No. 254.

LIMITATION OF ACTIONS (§ 127*)—AMENDMENT OF PLEADINGS—ADDITION OF CAUSES OF ACTION BARRED.

In an action by the United States to recover penalties for importation of alleged contract laborers, defendant consented to the addition of 25 causes of action not originally sued on and already barred by lapse of time, while its demurrer filed to the government's second amended declaration was pending. The government, having submitted such second amended declaration to the court on the demurrer without waiting for a decision thereon, abandoned such declaration and substituted for it a declaration containing a redraft in different terms of each count, including the 25 causes of action in question. *Held*, that the substituted counts having charged new and different statements of the offense, and not having consisted of mere formal and unimportant changes, defendant was not bound by its consent that the government might so add the 25 additional causes of action and was not barred by such consent to thereafter claim that the causes so added were barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Action by the United States against the Dwight Manufacturing Company. On motion to modify a prior order allowing a second amendment to the declaration. Granted.

See, also, 210 Fed. 74, 81.

Asa P. French, U. S. Atty., of Boston, Mass.

Charles F. Choate, Jr., of Boston, Mass., for defendant.

DODGE, Circuit Judge. The plaintiff was allowed, for reasons given in the opinion dated March 31, 1913 (210 Fed. 85), to file a second amended declaration. As was then stated, the first amendment had been allowed December 4, 1912, by consent, and it consisted, in part, of adding 25 counts, each charging a violation of section 4 in the case of 25 aliens not mentioned in the original declaration.

As is stated in the same opinion, the latest in date of all the alleged violations was October 26, 1907, this suit having been begun January 22, 1912. The first amendment therefore was allowed after the limitation prescribed by Rev. St. § 1047 (U. S. Comp. St. 1901, p. 727), had become effective as to all; though filed before that time.

The defendants moved, immediately after the order allowing the

second amendment, for a modification making it apply only to the 97 counts relating to the 97 aliens named in the original declaration, and not to the 25 counts added in the first amended declaration of December 4, 1912, relating to aliens then named for the first time.

In support of the motion there is an affidavit by counsel for the defendants, from which it appears that the defendants' willingness to consent that the 25 counts referred to might be added by the first amendment was communicated to counsel for the government on September 19, 1912; but that it was not until November 25, 1912, that an amended declaration was actually made up including these counts and the defendant's indorsement of consent thereon asked. Such consent was, however, indorsed after the above period of limitation had expired.

The affidavit states further that such consent was given, "Relying on the sufficiency of the demurrer filed April 15, 1912, and assuming and believing that the plaintiff would not seek to further amend or be permitted to further amend"; also, that the defendant would not have consented to the addition of 25 new causes of action, after the expiration of the statutory period, had it been supposed that a still further amendment would be sought or permitted.

The determination of this motion has been delayed to await the decision of the court on the defendant's demurrer to the second amended declaration, which demurrer is this day overruled for the reasons given in an opinion this day filed (210 Fed. 74), so far as it applies to the first 97 counts.

The defendant consented to the addition of 25 causes of action not originally sued on, and already barred by lapse of time, while its demurrer of April 15, 1912, which applied to the second amended declaration, was pending. Having submitted the sufficiency of the second amended declaration to the court upon that demurrer, but without awaiting the decision thereon, the government afterwards abandoned it and substituted for it a declaration containing a redraft in different terms of each and every count. It seems to me manifestly unfair, in an action of this kind, to treat the defendants as having consented that the government might add these 25 charges of violating the act, after the statutory limitation had become applicable, no matter how or in what terms the charges might be made. The changes made in the substituted counts did not indeed set forth wholly new causes of action, but they were by no means merely formal and unimportant changes. They made a new and different statement of the offense. As the charges made in these counts are only in the case by the defendant's consent, and as it cannot be presumed that such consent would have been given had the counts been in their present form on December 4, 1912, I think the defendant entitled to have the modification for which it asks, and it is therefore ordered.