### UNITED STATES v. THEURER et al.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1914. Rehearing Denied May 18, 1914.)

#### No. 2383.

PENALTIES (§ 31*)—JUDGMENT FOR PENALTY—ABATEMENT BY DEATH OF DE-
FENDANT.

    A judgment in favor of the United States against the owner of whisky seized for a violation of the internal revenue laws, on a delivery bond given by him, is one for a penalty, and an action cannot be maintained thereon to enforce the same against the heirs of the defendant after his death.

    [Ed. Note.—For other cases, see Penalties. Dec. Dig. § 31.*]

    Pardee, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by the United States against Mrs. Rudolph F. Theurer and others. Judgment for defendants, and plaintiff brings error. Affirmed.

J. Charlton R. Beattie, U. S. Atty., of New Orleans, La.

Henry P. Dart, of New Orleans, La. (Dart, Kernan & Dart, of New Orleans, La., of counsel), for defendants in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

NEWMAN, District Judge. This is a suit brought by the United States, by Charlton R. Beattie, United States attorney, in the United States District Court for the Eastern District of Louisiana, against Rudolph Vaihinger, a resident of Germany; Mrs. Sallie Bouwel, wife of A. J. Brooks, and a resident of the parish of Ouachita; Henry E. Leimbach, a resident of the parish of Rapides; and the following, all residents of the parish of Orleans: John Bouwel, Mrs. Louise Bouwel, wife of James McCormack; Charles Bouwel; Mrs. Mary E. Bouwel, wife of Samuel Johnson; Mrs. Louise R. Starck, widow of Alexander Starck; Frank Starck; Alexander Starck, Jr.; Mrs. Magadeline Klein, wife of Charles Foerstner; and Mrs. Wilhemina Henrietta Back, widow of Rudolph F. Theurer—for the sum of $6,000 and interest thereon at 5 per cent. from April 4, 1868.

Exceptions were filed to the suit, among others this:

"That the alleged claim presented by petitioner has been lost by laches and neglect and is prescribed by the lapse of 10 and 30 years, and that exceptor pleads said laches and neglect and exceptor particularly pleads the prescription of 5, 10 and 30 years to said action."

And also that the judgment made the subject-matter of the suit, "if legal and valid, which exceptor denies, abated by the death of Gaspard Theurer, the defendant in said cause, and is no longer a valid and subsistent judgment against exceptor."

The exception of no cause of action was sustained by District Judge Foster and the suit dismissed. Judge Foster's opinion, which does not appear to have been reported, is as follows:

"This case seems to present another branch of a never ending litigation, originally entitled United States against 'Fifty Barrels of Whisky.' In the original case, a libel was filed in 1867 against 50 barrels of whisky, presumably under the internal revenue law of July 13, 1866. Shortly after the seizure, one Gaspard Theurer appeared and claimed the goods, and they were released to him on bond. After that the case went to trial and resulted in a judgment against him in the District Court, from which he took an appeal to the Circuit Court. And then he died. After his death various other proceedings were had, which eventually established the validity of the judgment of the District Court. The present action is brought against the heirs of his heirs and their heirs, even to the fourth generation, and the United States is seeking to hold them for a judgment of $6,000, with interest at 5 per cent. per annum for about 45 years.

"To the petition exceptions of prescription and no cause of action have been filed. It is principally urged on behalf of the exceptors that the forfeiture of the whisky in the original suit was the enforcement of a penalty, and that the action abated with the death of the original Gaspard Theuer.

"It is contended by the United States that it has been deprived of property worth $6,000, by the bonding of the whisky in the original proceeding, and that Theurer's estate received the benefit, and his heirs have also received the benefit in their turn, and, as they had accepted the successions of their respective ancestors, that under the law of Louisiana they are bound for their debts, whether they derived any benefit or not. It is difficult to understand how Theurer's estate was enriched by bonding the whisky. He owned it and had it in his possession before it was seized, and by bonding it he did no more than get it back. In my opinion the equities are entirely with the defendants.

"The law under which the seizure was made is highly penal. Any one vio-

lating its many provisions could be both fined and imprisoned, and even the goods of innocent third persons might be forfeited to the United States. Henderson's Distilled Spirits, 14 Wall. 44. I can see no difference between the forfeiture in this case, with the subsequent judgment on the bond, and a fine imposed after trial on indictment. The form of the action is immaterial. United States v. Chouteau, 102 U. S. 611 [26 L. Ed. 246].

"Treating the present proceeding as a suit to revive, it is clear that the United States would have no standing, as the original action abated by the death of Gaspard Theurer, regardless of the fact that judgment was entered prior thereto. Dyar v. United States, 186 Fed. 623 [108 C. C. A. 478]; United States v. De Goer (D. C.) 38 Fed. 80; Schreiber v. Sharpless, 110 U. S. 76 [3 Sup. Ct. 423, 28 L. Ed. 65]. If it is contended that this is a new proceeding against the heirs, arising under the laws of Louisiana, because of their acceptance without the benefit of inventory of the successions of their respective ancestors, nevertheless it is the same old cause of action, for the Supreme Court of Louisiana has repeatedly said, 'a judgment neither creates, adds to, nor detracts from a debt.' Successions of Anderson, 33 La. Ann. 581.

"It would seem logical that the United States, when seeking a right under the laws of Louisiana, is bound to take all the laws as it finds them. If so, this action would be barred by the prescription pleaded. As to this, however, I express no opinion. But in any event this is a suit to enforce a penalty, and therefore it is barred by the prescription of five years created by the Revised Statutes of the United States, § 1047 (U. S. Comp. St. 1901, p. 727).

"The exception of no cause of action will be maintained and the suit is dismissed."

This whole matter which is now sought to be brought against, to use Judge Foster's language, "the heirs of his (Gaspard Theurer) heirs and their heirs, even to the fourth generation," originated in a seizure by the government in 1867 of 50 barrels of whisky because the same had been removed from the place of its manufacture to a place other than a bonded warehouse, as provided by law, before the duties thereon had been paid, contrary to the form of the statute in such case made and provided, whereby and by force of the statute in such case made and provided the said 50 barrels of whisky became and are forfeited to the United States. Upon this suit being instituted, a bond was given by Gaspard Theurer and the whisky released to him. Issue was joined on the libel filed against the whisky on the ground, first, that it was not true that the whisky had been removed from the place of manufacture to a place other than a bonded warehouse, as provided by law, before the duties thereon were paid, and also denying that any duties were due thereon. There was a trial April 4, 1868, and judgment of condemnation, and the whisky condemned as forfeited to the United States, and a judgment rendered on Theurer's bond and against John I. Adams, as surety thereon. On April 9, 1868, a suspensive bill was allowed to the Circuit Court. It will be remembered that this was in 1868 and under the practice as it then existed. An appeal bond was given and the case removed into the Circuit Court.

On May 2, 1870, this appeal was dismissed for reasons orally assigned. On May 18, 1870, a writ of error was taken to the Supreme Court of the United States. Pending this appeal to the Circuit Court it appears that Gaspard Theurer died.

The case seems to have rested in the Supreme Court of the United States from 1870, until December 4, 1905, when it was docketed and dismissed. The mandate was returned to the Circuit Court, and on January 26, 1906, this mandate was entered and the case remanded to

the District Court of the United States for the Eastern District of Louisiana, at New Orleans, to the end that such further proceedings might be taken in the case as may to law and justice appertain.

On August 5, 1911, this suit was brought in the Circuit Court of the United States. The allegations in the petition are that Rudolph F. Theurer was the only child of Gaspard Theurer, and as such his only heir and his only legatee under his will, and that he accepted the succession of his father, Gaspard Theurer, simply and unconditionally and thus became personally responsible and liable for the debts of his father, and among others for the aforesaid debt to the United States; that Rudolph F. Theurer died in the city of New Orleans, leaving a widow and one son, Charles W. Theurer, who then accepted simply and unconditionally the succession of Rudolph Theurer and thus became responsible personally for all his debts and obligations and among others for the debt due the United States under this judgment; that his widow accepted one-third of the estate and Charles W. Theurer accepted two-thirds; that the widow is still living; that Charles W. Theurer died in 1910, without ascendants or descendants; that he left a last will and testament by which he devised certain property to Mrs. Charles Foerstner and that he made and constituted Mrs. Foerstner and his legal heirs, ten in number, who are named as defendants in this case, his universal legatees; that Mrs. Foerstner and his ten legal heirs accepted simply and unconditionally the succession of Charles W. Theurer, and have thus become responsible personally for all his debts, and among others the debt due, as aforesaid, to the United States under this judgment.

We think that this case was correctly decided in the District Court because, after all, this was the enforcement of a penalty against the heirs of Gaspard Theurer. The question which is involved here was thoroughly discussed by Judge Holt, United States District Judge for the Southern District of New York, in United States v. Pomeroy (C. C.) 152 Fed. 279. Judge Holt, in that case, goes thoroughly into the question, states the argument on the other side, cites the authorities, and finally determines that in a case like this, even after judgment has been rendered, the penalty cannot be collected after the death of the wrongdoer, against his heirs. An extract from the opinion in the Pomeroy Case will show what was determined:

"It is true that a judgment is often in law regarded as creating a new and distinct liability. In suits for torts or for unliquidated damages, it is some-times held that the judgment creates a debt in the place of what before was an unliquidated demand. But a judgment, after all, is nothing but a new form of an obligation. Its original essence remains unchanged. Courts, whenever necessary, look beneath the form of the judgment to see what was the original nature of the claim. For instance, the general rule is that the courts of no country enforce the penal laws of another country; and if a judgment is entered in one country to enforce its penal laws, and a suit is brought on the judgment in another state or country, the court in which such suit is brought will take notice of the fact that the original judgment was based on a penal law, and refuse to allow a recovery for that reason. Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; Black on Judgments, § 870.

"Upon the whole there is in my opinion no satisfactory authority controlling this case. It must therefore be decided on fundamental principles. In my opinion the fundamental principle applicable to this case is that the object of criminal punishment is to punish the criminal, and not to punish his family. When A. recovers a judgment against B. for a tort, the recovery is undoubtedly based on the defendant's misconduct; but the fundamental principle upon which the action is maintained is the idea of compensating the injured party; but, when a court imposes a fine for the commission of a crime, there is no idea of compensation involved. In this case the defendant was fined $6,000. That money was not awarded as compensation to the United States. No harm had been done the United States. It was imposed as a punishment of the defendant for his offense. If, while he lived, it had been collected, he would have been punished by the deprivation of that amount of his estate; but, upon his death, there is no justice in punishing his family for his offense. It may be said, of course, that there is very little difference between the loss which his family would have sustained if the money had been collected before his death, and the loss which it will now sustain if it is collected from his estate. But if the money had been collected before his death, he would have been punished. If it is collected now, his family will be punished, and he will not be punished. In my opinion, therefore, this prosecution should be deemed ended and this judgment abated by the defendant's death."

This case was reversed in United States v. New York Cent. & H. R. R. Co. et al., 164 Fed. 324, 90 C. C. A. 256; but the judgment there rendered was upon an entirely different ground from that discussed by Judge Holt. Indeed, the court says that this question does not arise in the case as considered by it on appeal.

This case of United States v. Pomeroy, supra, was cited by this court with approval in Dyar v. United States, 186 Fed. 614–622, 623, 108 C. C. A. 478.

We do not discuss the question as to whether section 1047 of the Revised Statutes of the United States, or the law covering prescriptions in Louisiana, applies here, because it is unnecessary in the view we have taken of the case as above stated.

It is earnestly urged here that the complainant's estate was benefited by Theurer giving the bond and taking back the whisky seized by the government. We do not agree with this view of the matter, but agree with Judge Foster that the equities are with the other side as to this. This whisky was in the hands of Gaspard Theurer. It was his property. The United States, through its officers, declared that he had forfeited the whisky by certain violations of the internal revenue laws, and seized it. He took it back, certainly, by giving the bond; but it was his whisky, and the bond simply stood in place of the whisky if no bond had been given. We do not think it would do to say that the fact that he took the whisky by giving the bond changed the status of affairs at all from what they would have been if no bond had been given.

We put our decision in this case, affirming the judgment of the District Court, upon the ground solely that the suit is for the enforcement of a penalty strictly against the estate of a dead man.

The judgment of the District Court is affirmed.

PARDEE, Circuit Judge (dissenting). On March 31, 1868, in a suit entitled United States of America v. Fifty Barrels of Whisky, marked Hoffheimer Bro., No. 8907 of the docket, the District Court for the

District of Louisana rendered two judgments, to wit: One judgment condemning and forfeiting to the United States the said 50 barrels of whisky; and a civil judgment in favor of the United States against G. Theurer as principal, and John I. Adams as surety, in solido, on their release or delivery bond taken in said suit in the sum of $6,000.

By appeal and supersedeas to the Circuit Court where the appeal was dismissed, and by writ of error thereafter from the Supreme Court, the litigation was pending until December, 1905. The writ of error was dismissed in the Supreme Court on last.date mentioned, and proper mandate thereafter filed in the Circuit Court on January 26, 1906, and thereafter on February 3, 1906, the mandate of the Circuit Court was duly entered and ordered executed in the said District Court, when then, and then only, the aforesaid judgment became final and executory.

This present suit, originally filed in the Circuit Court for the Eastern District of Louisiana, is not a suit to recover any forfeiture or penalty, nor to revive either of the said judgments, but is a suit to enforce the civil judgment against G. Theurer and John I. Adams, his surety, and against the heirs of G. Theurer, under the provisions of article 1013, Rev. Civ. Code La. Section 3467, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 2314), seems also to aid in fixing liability on the defendants.

As the said judgment sued on is now in full force and executory, the United States cannot be chargeable with any laches; besides, it is to be noticed that prescription in such cases does not run against the United States.

It does not appear that there is any improper joinder of parties defendant, nor that the judgment sued on is null and void, because perhaps the case may have been tried and decided by the judge of the District Court without the intervention of a jury. The petition in the instant case certainly states a cause of action. The merits seem to have been misconceived in the District Court. Hardship to the defendants does not change the law. The judgment of the District Court should be reversed, and the cause remanded, with instructions to overrule all exceptions, and thereafter proceed according to law and the views herein expressed.