UNITED STATES v. JOLES et al.

(District Court, D. Massachusetts. December 20, 1917.)

No. 381.

1. CUSTOMS DUTIES ⊂⇒129—"ACTION FOR PENALTY OR FORFEITURE"—LIMITATION.

An action by the United States on bonds given by an importing agent pursuant to Rev. St. § 2787 (Comp. St. 1916, § 5484), for failure to observe the technical requirements of that section, the duties having been paid, is one to recover a penalty or forfeiture accruing under the customs laws, and is barred in three years by Comp. St. 1916, § 1713.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action for Penalty or Forfeiture.]

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ACTION ☞19—NATURE—ACTION FOR PENALTY OR FORFEITURE.

    Whether or not an action is for a penalty or forfeiture depends on the character of the liability sought to be enforced. If it is to recover compensation for a loss sustained by plaintiff it is not, but if the sum claimed has no relation to any such loss, but is arbitrarily exacted for some act or omission of defendant, the action is essentially penal.

At Law. Action by the United States against Leo S. Joles and others. Judgment for defendants.

Asa P. French, of Boston, Mass., for the United States.

John H. Casey, of Boston, Mass., for defendant Curley.

David Stoneman and Stoneman, Gould & Stoneman, all of Boston, Mass., for various defendants.

MORTON, District Judge. The case is submitted for decision upon the auditor's report, no other evidence being offered.

Section 1713, Comp. St. 1916, which limits the period within which actions to recover penalties or forfeitures of property accruing under the Customs Revenue Laws of the United States shall be begun, is clearly intended to bind the government. Most, if not all, of the actions therein specified would be brought in the name of the United States or for its benefit. Even section 1712, which is much broader in its scope, and relates to any penalty or forfeiture accruing under the laws of the United States, applies to actions brought by the United States. U. S. v. Dwight Mfg. Co. (D. C. Mass.) 210 Fed. 79. The facts being as stated in the auditor's report, if the action be one to recover a "penalty or forfeiture" accruing under the customs revenue laws of the United States, it is barred by section 1713.

[1] The most doubtful question on the first six counts is, whether an action to recover the penal sums of the bonds therein declared on, is one to recover such a penalty or forfeiture. The breaches established are, as to the first three bonds, the defendant's failure to file the names of the actual owners of the goods imported, and, as to the last three counts, their failure to produce corrected invoices. All duties and excess duties were paid. · The sums here sought to be recovered are not in payment of any taxes or imposts due the United States.

In U. S. v. Theurer, 213 Fed. 964, 130 C. C. A. 370 (C. C. A. 5th Cir.), proceedings in rem had been instituted against 50 barrels of whisky for forfeiture for violation of the revenue law. The claimant gave a bond and took the whisky. Final judgment of forfeiture was pronounced; but before that took place the claimant had died. The question was whether action on the bond survived against his estate and sureties. It was held (one judge dissenting) that the claim, though nominally based upon the bond, was in fact for a penalty, and as such did not survive. In State v. Schuenemann, 18 Tex. Civ. App. 485, 46 S. W. 260, it was held that an action on a bond given by a retail liquor dealer, conditioned not to do certain things and to pay a certain sum as "liquidated damages" for breach of condition, was one to recover a penalty. See, too, Johnson v. Rolls, 97 Tex. 453, 79

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

S. W. 513. The same conclusion was reached in Fite v. Lander, 52 N. C. 247, in an action brought upon a bond given by a clerk of court to recover a penalty for issuing a writ without requiring security. In U. S. v. Pomeroy, 152 Fed. 279 (C. C. N. Y.), judgment was entered for a penalty for giving rebates. Before the judgment had been collected, the defendant died. It was held that the judgment was for a penalty and that the suit had abated, that the penal character of the proceedings was not lost on the entry of judgment, and that "courts, whenever necessary, look beneath the form of the judgment to see what was the original nature of the claim"—a statement fully supported by the decision and language in Wisconsin v Pelican Ins. Co., 127 U. S. 265, 292, 293, 8 Sup. Ct. 1370, 32 L. Ed. 239. The foregoing cases certainly hold that an action upon a bond voluntarily given, or upon a judgment, may nevertheless be a suit to recover a penalty.

On the other hand, in Raymond v. U. S., Fed. Cas. No. 11,596, it was expressly held that an action on a bond like those here in suit was not within section 1713; but the reasoning by which that result was reached is not stated. It is settled, too, that the threefold damages allowed in certain cases by the Anti-Trust Act (U. S. Compiled Statutes 1916, § 8829) are not a penalty or forfeiture within section 1712. Chattanooga, etc., Works v. Atlanta, 203 U. S. 390, 27 Sup. Ct. 65, 51 L. Ed. 241.

[2] It seems to me that the question must depend upon the character of the liability sought to be enforced. If it is based upon a loss sustained by the plaintiff, and is awarded as compensation for injury done, it is not a forfeiture or penalty, even though the amount awarded may exceed the damages proved. Brady v. Daly, 175 U. S. 148, 154, 155, 20 Sup. Ct. 62, 44 L. Ed. 109. On the other hand, if the sum claimed has no relation whatever to any loss sustained by the plaintiff, but is arbitrarily exacted for some act or omission of the defendant, it would be essentially penal. Wisconsin v. Pelican Ins. Co., supra.

In everyday speech the sums here claimed would undoubtedly be referred to as penalties, and in fact they are penalties, imposed for failure to observe the technical requirements of the customs law. The defendant agreed that he would file the required names and the corrected invoices, or would pay the penal sum of the bond. His failure to do so has put the government to no loss. The payments sought to be exacted are disciplinary in character. The auditor was of opinion and ruled that they were penalties within section 1713, and that the action on the first six counts was accordingly barred. Although the question is by no means free from doubt, I reach the same conclusion.

The plaintiff's principal contention in argument was that the action is governed by section 1712 (where the limitation is five years), rather than by section 1713 (where it is three years). The argument assumes that the claim is for a penalty or forfeiture, because section 1712, equally with section 1713, relates only to claims of that character.

The plaintiff's position is that its claim does not accrue under the "customs revenue law," and therefore is not within section 1713. No question is made but that the bonds in suit were legally required in connection with an importation of foreign merchandise. Some of them explicitly refer to R. S. § 2787 (Comp. St. 1916, § 5484), which relates to the customs revenue, and the others are expressed to be given in connection with importations of foreign goods. The plaintiff's claim accrues under the customs revenue law, and is within section 1713.

As to the seventh count: If the obligation of the agent and importer be regarded as joint, the plaintiff, by suing one of the persons jointly liable and acknowledging satisfaction of the judgment obtained against him, has lost its right of action against the others. If the obligation of the agent and the importer be regarded as several, the plaintiff, by proceeding against the agent, has elected to hold him, and cannot now sue the principal. The government, having sued the agent and pressed its suit to judgment against him, cannot now say that it had no cause of action, and has recovered a judgment which it was not entitled to.

Judgment for defendants.