### In re KIGHT.
### No. 55929.

United States District Court
N. D. Alabama, S. D.
Jan. 13, 1950.

43

Thompson, Dumas, O'Neal & Hayes; Lawrence Dumas, Jr. and Robert H. Loeb, Birmingham, Ala., attorneys for Bankrupt.

Barber & Barber, and Wm. C. Barber, Birmingham, Ala., attorneys for Raymond C. Vinning, Creditor.

Taylor, Higgins, Windham & Perdue, and Wade Morton, Birmingham, Ala., attorneys for Charles L. Leamon, Creditor.

MULLINS, Chief Judge.

This matter is presented on a review of the Referee's order entered in this cause on the 6th day of June, 1949, granting two creditors the right to proceed in the State court to enforce their judgments notwithstanding bankruptcy. The effect of the holding of the Referee is that the two judgments in question do not constitute provable and dischargeable claims. These judgments were recovered on claims to recover damages on account of overcharges made in violation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and a regulation issued thereunder prescribing maximum prices to be charged on the sale of second-hand automobiles. The judgments were obtained under the provisions of Section 205(e) of said Act and the damages recovered under each judgment were more than single damages, but somewhat less than treble damages. The question to be decided is whether or not the damages recovered by these two creditors constitute penalties which are not dischargeable, or damages in the nature of compensation which are dischargeable in bankruptcy. The Referee held that the judgments constituted penalties and as such were not dischargeable.

The question to be decided is not without difficulty. Although there is authority to the contrary, some of the cases seem to hold that recoveries by the Price Administrator under Section 205(e) con-

stitute penalties. This is on the theory that the United States has suffered no damage and that the recovery ensues solely on account of a violation of the Act. Bowles v. Farmers Nat. Bank of Lebanon, Ky., 6 Cir., 147 F.2d 425; Porter v. Montgomery, 3 Cir., 163 F.2d 211. There is dicta in Bowles v. Farmers Nat. Bank of Lebanon, Ky., supra, and other decisions to the effect that a recovery under the Act by a consumer also constitutes a penalty. With this last conclusion I disagree; I believe the recovery by a consumer under Section 205(e) is but the recovery of compensatory damages bearing a direct relation to the actual damages sustained by the consumer.

In reaching this conclusion, I am largely persuaded by the opinion of Judge Maris in Fields v. Washington, 3 Cir., 173 F.2d 701, and the authorities therein cited. As Chief Judge of the United States Emergency Court of Appeals, it might be said that Judge Maris was "raised up" with the Emergency Price Control Act and its regulations, and certainly if there is an expert who knows their meaning, it is he. Judge Maris holds that the recovery under said Act by a purchaser or consumer is remedial and compensatory and does not constitute a penalty.

In Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123, the Supreme Court cites and quotes from, with approval, cases in which it was held that recoveries under statutes giving a tenant, ousted without notice, double damages, and a traveler injured through a defect in a highway double damages against a municipality, were recoveries of damages and not of penalties. In that case the Supreme Court recognizes the doctrine that a recovery may be penal when the action is in favor of the Government and remedial and compensatory when in favor of the individual. The Court also recognizes that the mere fact that damages are accumulative or enhanced does not render them penal.

In Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 1223, 86 L.Ed. 1682, the Supreme Court holds that the damages recoverable under the Fair Labor Standards Act, 29 U.S.C.A. § 151 et seq., for failure to pay minimum wages are compensation and not a penalty or punishment, and in such a case the recovery for unpaid overtime may be for treble the regular hourly rate. It is true that in the Fair Labor Standards Act the additional recovery is designated as "liquidated damages," but it may also be pointed out that Section 205(e) of the Emergency Price Control Act also refers to the action as one for the recovery of damages in that it says "A judgment in an action for damages under this subsection shall be a bar to the recovery under this subsection of any damages in any other action * * *." In the Overnight Motor Transp. Co. case the Court says "The retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages", and it occurs to me that the same reasoning may apply where a purchaser is charged more than the maximum price under OPA regulations.

Whether the damages recovered under the judgments of the creditors here involved be called "accumulative," "enhanced" or "liquidated," they are nevertheless compensatory and bear some direct relation to the actual damages suffered by the consumer. Unless the consumer has been overcharged, he cannot recover at all. If he has been overcharged, the Court must award him single damages or, in its discretion, may award him any amount between single damages and treble damages; therefore, regardless of the amount of the recovery, it bears a direct relation to the damages suffered.

I have been discussing the ordinary suit by a consumer. I do not overlook the fact that this Act originally provided for a minimum recovery of $50, and subsequently by amendment provided for a minimum recovery of $25 regardless of the amount of the overcharge. With respect to cases of very small overcharges, it seems to me that provision for a minimum recovery of $25 or $50 is well adapted to compensate a consumer for his damages in such a case, both as to the overcharge and as to those damages of the kind that are "obscure or difficult of proof."

Under this Act a consumer has a right to sue in the State court, and under Fields v. Washington, supra, he can only sue in the State court if the amount involved is less than $3,000. Some of the States no doubt provide for the deposit of some costs, or security therefore, before suit can be filed. In many States if the consumer cannot collect his judgment he may nevertheless be liable for some or all of the costs incurred in the prosecution of his suit. In addition, the consumer might have to advance the expenses of witnesses and incur other expenses in the preparation of his case. It is not unreasonable to assume that Congress had in mind, in providing for a minimum recovery of $25 or $50, that such a small sum would in ordinary cases not amount to more than the nominal overcharge plus the time and other risks that a consumer might assume in bringing action to recover a small overcharge. Thus it appears the statutory provision in this instance provides for a recovery bearing a reasonable relation to compensation for the consumer. See: Bowles v. American Stores, 78 U.S. App.D.C. 238, 139 F.2d 377.

It is my conclusion that the two judgments here involved are not penalties because they represent recoveries under Section 205(e) of the Emergency Price Control Act.

It appears, however, that Raymond C. Vinning, the holder of one of these judgments, has not filed proof of claim and that he has petitioned the Court for permission to proceed to collect his judgment in the State Court on the theory that the sale of the automobile to him was made willfully, maliciously and intentionally by the bankrupt and with full knowledge on the part of the bankrupt that the sales price charged was in excess of the maximum price established by the Act and the regulation. In the hearing before me, a copy of the complaint on which Vinning's judgment was recovered was exhibited, and in said complaint it was averred that the sale was made willfully by the bankrupt with full knowledge that he was violating the Act. The Referee has made no finding as to whether, under the circumstances, the sale constituted a willful and malicious injury to the property of Vinning.

It is, therefore, Ordered, Adjudged and Decreed that said order of the Referee, heretofore entered in this cause on the 6th day of June, 1949, be and the same is hereby reversed and set aside, and the Referee is authorized to take further proceedings in this cause in accordance with this opinion and decree, and if it is requested, he shall make a further determination and finding as to whether the judgment of Raymond C. Vinning is based upon a willful and malicious injury to his property.