## UNITED STATES v. WEAVER et al.

Civ. A. No. 6854.

United States District Court,
N. D. Alabama, S. D.

Oct. 24, 1952.

964

John D. Hill, U. S. Atty., Birmingham, Ala., for plaintiff.

Manuel Levine, Birmingham, Ala., for defendants.

LYNNE, District Judge.

By complaint filed in this court on December 10, 1951, plaintiff seeks to recover of defendants, Sidney Allen Weaver, Sr. and Peter David Bragan, the sum of $2000

for each of five separate acts committed by the defendants in September, 1946, whereby, it is alleged, they obtained surplus property by fraudulent means, in violation of the Surplus Property Act of 1944, Title 50, War Appendix, U.S.C. (1946 Edition) § 1635(b).

By motion to dismiss and motion for summary judgment defendants contend that this action is barred by the federal statute of limitations. Title 28 U.S.C.A. § 2462.

I

■ Of some concern to the court at the time of oral arguments was the existence of statutory authority for maintenance of this suit in the first instance. The specific section of the Surplus Property Act of 1944 upon which plaintiff plants its claim for relief was repealed June 30, 1949, C. 288, Title VI, Sec. 602(a)(1), 63 Stat. 399. However, the repealing act contained no express provision for the release or extinguishment of any penalty, forfeiture or liability incurred under the repealed statute. Therefore, pre-existing substantive rights and liabilities were saved by the provisions of Title 1 U.S.C.A. § 109. United States v. Carter, 5 Cir., 1948, 171 F.2d 530.

II

■ The applicability of the general federal statute of limitations relating to the time for commencing actions for the enforcement of penalties, Title 28 U.S.C.A. § 2462,[1] turns upon the character of the liability imposed by the statutory provisions upon which plaintiff relies.[2] Of the opinion that the exaction of the arbitrary sum

1. "Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon. June 25, 1948, c. 646, 62 Stat. 974."

2. Surplus Property Act of 1944, Title 50 War Appendix, U.S.C. (1946 ed.) § 1635 (b):

"Every person who shall use or engage in or cause to be used or engaged in any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person any payment, property, or other benefits from the United States or any Government agency in connection with the disposition of property under this Act (said sections); or who enters into an agreement, combination, or conspiracy to do any of the foregoing—

"(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which

of $2000 for each act of obtaining by fraud surplus property without regard to its value is intrinsically a provision for a penalty,[3] this court is in no doubt that the bar of such statute may be raised against a suit instituted by the United States.[4]

## III

To recognize the availability of a statute of limitations is not necessarily to accord it applicability at this stage of the proceedings. Plaintiff's action is bottomed on fraud and its cause of action is not deemed to have accrued until its actual discovery of the facts constituting fraud, or until such time as when, by the exercise of due diligence, the facts should have been discovered.[5] Conceding that plaintiff must assume the burden of pleading and proving that it did not discover the fraud until within five years immediately preceding the

commencement of the action,[6] and noting the absence of such averment and proof, the court is constrained to dismiss the complaint and afford opportunity for amendment.

## IV

Insisting that the running of the statute of limitations relied upon by the defendant was suspended by operation of Title 18 U.S. C.A. § 3287,[7] plaintiff urges that the penalty sought to be enforced herein is the equivalent of punishment imposed by the sovereign for an offense against its laws. Analogizing the term "offense" appearing in the Suspension Act to the identical word in the context of the general conspiracy statute, Title 18 U.S.C.A. § 371,[8] plaintiff presses for a construction that would hold it to embrace civil acts made unlawful by the United States. Compare: United States v.

---

the United States may have sustained by reason thereof, together with the costs of suit; * * *."

3. United States v. Joles, D.C.Mass.1917, 251 F. 417; Forsyth v. Central Foundry Co., 240 Ala. 277, 198 So. 706; Helwig v. United States, 188 U.S. 605, 23 S.Ct. 427, 47 L.Ed. 614; In re Kight, D.C., 88 F.Supp. 42; Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; 70 C.J.S. Penalties § 1, page 389.

4. United States v. Maillard, D.C.S.D.N.Y. 1871, 26 Fed.Cas.No.15,709, page 1140; United States v. Kern, D.C.E.D.N.Y. 1934, 8 F.Supp. 296; United States v. Dwight Mfg. Co., D.C.Mass.1913, 210 F. 85; United States v. Brass, D.C.E.D. N.Y.1941, 37 F.Supp. 698.

5. White v. Federal Deposit Ins. Corp., 4 Cir., 1941, 122 F.2d 770; Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743; Exploration Co. v. United States, 1918, 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200; 5 Cyc.Fed.Pro.(3d ed.) 536, Sec. 15.525; 5 Cyc.Fed.Pro.(3d ed.) 538, Sec. 15.527.

6. Wood v. Carpenter, 101 U.S. 135, 25 L.Ed. 807; Maxwell v. Lauderdale, 200 Ala. 648, 77 So. 22; 54 C.J.S., Limitations of Actions, § 386, page 523; 34 Am.Jur. 355, Sec. 452.

7. "When the United States is at war the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in

any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancelation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the war, or with any disposition of termination inventory by any war contractor or Government agency, shall be suspended until three years after the termination of hostilities as proclaimed by the President or by a concurrent resolution of Congress.

"Definitions of terms in section 103 of Title 41 shall apply to similar terms used in this section. June 25, 1948, c. 645, 62 Stat. 828."

8. "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

"If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

Hutto, No. 1, 256 U.S. 524, 41 S.Ct. 541, 65 L.Ed. 1073.

The problem is not without difficulty. The authorities marshaled in support of plaintiff's position have been considered.[9] But the history of the Suspension Act from its genesis in the Act of August 24, 1942, c. 555, 56 Stat. 747, Title 18 U.S.C., 1940 Edition, Supp. III, § 590a, as reviewed in United States v. Smith, 342 U.S. 225, 72 S.Ct. 260, is persuasive to the conclusion that the Congress intended only to toll the running of existing statutes of limitations as a bar to criminal prosecutions. Compare: United States v. Gottfried, 2 Cir., 1948, 165 F.2d 360.

It is concluded that the complaint herein which seeks to impose a civil sanction stamps this action as remedial, not criminal, in nature. Compare: United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443. It follows that the Suspension Act had no effect upon the running of the statute of limitations.

An order will be entered dismissing the complaint and allowing plaintiff ten days within which to amend if so advised.

---

9. United States v. Winner, D.C., 28 F.2d 295; Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419; United States v. La Franca, 282 U.S. 568, 51 S. Ct. 278, 75 L.Ed. 551; Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123.