**BOWLES, Administrator, O. P. A., v. SILVERMAN.**

**No. 108.**

District Court, D. South Dakota.

March 9, 1944.

Clifford A. Wilson and Charles E. Sutcliffe, both of Sioux Falls, S. D., for plaintiff.

Morrison & Skaug, of Mobridge, S. D., for defendant.

**WYMAN, District Judge.**

I have had under consideration the questions raised by plaintiff's motion to strike portions of the defendant's answer, and the defendant's motion to dismiss the above entitled action, and have carefully examined the pleadings together with the briefs submitted by counsel in support of their respective contentions.

It appears by defendant's action that it is bottomed upon three separate grounds, but as no mention is made as to ground No. 3 in the brief, I assume that it has been abandoned. The other two grounds, while stated separately, are so closely related, each being, in effect, a challenge to the jurisdiction of the Court, that they may well be considered together.

■ For the purposes of the motions the allegations of the complaint must be regarded as true. It therefore appears that each of the combines mentioned in the complaint was purchased by each of the respective persons named in the complaint from the defendant at the times and place respectively set forth in said complaint; and that the respective prices paid for said combines were all in excess of the maximum or ceiling prices established by the maximum price regulation.

It further appears that each of said combines was purchased for use by each respective purchaser in and about the operation of his farm.

It is the contention of the defendant that under this state of facts the plaintiff is not authorized to bring this action and that such right is vested exclusively in the respective purchasers. The question thus presented must turn upon the construction of Sec. 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 925(e), which, insofar as the same is applicable, reads as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may * * * bring an action * * *. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer * * * is not entitled * * * to bring the action [under this subsection], the Administrator may institute such action. * * *"

■ The wording of the statute, it seems to me, leaves no room for doubt that if the purchases involved here were made for use or consumption in the course of the trade or business of the respective purchasers, the administrator is exclusively authorized to bring this suit.

Defendant contends that the statute should not be construed so as to bring the occupation of farming within the purview of the exception clause of the statute as a trade or business. He argues that this is a penal statute and should be strictly construed in favor of the defendant, and that farming is neither a trade or business within the meaning or purpose of the act. He presents a very rational and persuasive argument to the effect that a farmer who buys a machine for use in his farming operation, with no thought of profiting by resale, should, for the purposes of the Act, be distinguished from a merchant or trader who buys a commodity for the purpose of profiting by resale. Logically there is much force to this argument. It would seem fair and reasonable that the individual who sustains the loss or damage should be vested with the right to sue. The farmer who buys needed equipment as an ultimate consumer, with no thought of resale, is damaged to the extent of the excess in the price, but the man who buys for the sole purpose of profiting by a resale sustains no damage because the excess in price will be passed on to the one who buys from him, and therefore he should not be granted the right to sue.

■ Notwithstanding the logic and persuasiveness of defendant's argument as to how the statute should be construed, a Court is to interpret the law as it is written, and is not permitted to substitute his idea of what the law should be for that which it clearly states. It is true that this statute in its nature is a penal statute, at least insofar as the defendant is concerned, and therefore should be strictly construed, but there is nothing in this well-recognized rule of construction which would warrant a Court in doing violence to clear and unambiguous language. All that is required is that words be given their fair and ordinary meaning in view of the avowed purpose and intent of the lawmakers. To me, the wording of this statute is clear and unambiguous, and without cit-

992

ing any of the abundant authorities, I have no hesitancy in holding that farming is a business within the ordinary meaning of the word as used in the statute under consideration, and if the several purchases here involved were made for use or consumption in the farming operations of the respective purchasers they were made for use or consumption in the course of the trade or business of the respective purchasers. The purchasers, therefore, would have no right to sue the seller under the statute, but that right is exclusively vested in the plaintiff Administrator. It follows, therefore, that defendant's motion to dismiss must be denied, and the plaintiff's motion to strike must be sustained.

Upon presentation of proper orders in line with the foregoing, and allowing twenty days to defendant within which to file and serve an amended answer, the same will be signed and entered of record.