**BOWLES, Administrator, OPA, v. FARMERS NAT. BANK OF LEBANON, KY.**

No. 9789.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1945.

Edward H. Hatton, of Washington, D. C. (Thomas I. Emerson, Fleming James Jr., and David London, all of Washington, D. C., A. D. Ruegsegger, of Cleveland, Ohio and Fritz Krueger, of Louisville, Ky., on the brief), for appellant.

A. C. Van Winkle, of Louisville, Ky., for appellee.

Before HICKS, ALLEN and HAMIL-TON, Circuit Judges.

ALLEN, Circuit Judge.

The question involved in this appeal is whether an action for treble damages instituted because of violation of a price regulation of the Office of Price Administration survives the death of one charged

with the violation. The District Court held that the action did not survive and dismissed the appellee from the suit.

The Administrator sued under § 205(e) of the Emergency Price Control Act of 1942, as amended October 2, 1942, 50 U.S. C.A.Appendix § 925(e), to recover sums aggregating $6,799,101.57 calculated to be due as treble damages for six sales of whiskey in excess of the ceiling price. The complaint alleged that on December 31, 1942, Cummins Distilleries Corporation, a Delaware corporation with its principal place of business at Louisville, Kentucky, engaged in selling whiskey and gin, was purportedly dissolved pursuant to a plan which contemplated the distribution of its net assets to its stockholders; that in accordance with this plan the corporation purported to transfer the whiskey involved in the action to its common stockholders, who organized a committee to carry the plan into effect and authorized it to sell the whiskey and distribute the proceeds; that the itemized sales of whiskey in bulk at prices in excess of those permitted by Maximum Price Regulation No. 193 were made between January 5, 1943, and January 11, 1943, by the corporation, its directors, officers, the committee, or the stockholders, including G. W. Dant, the appellee's testator. A recovery for three times the amount by which the prices of the whiskey sold exceeded the prices permitted by the regulation was asked against the defendants jointly and severally. Appellee's testator died April 25, 1943, and the appellee was appointed executor of his will May 18, 1943. The action was instituted May 27, 1943.

Appellee moved to dismiss the action upon the ground that as to it the complaint does not state a claim upon which relief can be granted, and the District Court sustained the motion.

The Administrator contends that the court erred in dismissing the complaint for the reason that the cause of action vested in the Administrator by § 205(e) of the Emergency Price Control Act is remedial and not penal in nature, and therefore does not abate with the death of the party liable. Section 205 (e), prior to amendment, 56 Stat. 33, in its pertinent portions read as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. * * *"

The section, as amended in 1944, 50 U.S. C.A.Appendix § 925(e), and made applicable to all pending cases brought by the Administrator, reads as follows: "(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. * * *"

■ We think that the original enactment of this section clearly provided for a penalty. The basic test whether a law is penal in the strict and primary sense is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual. Huntington v. Attrill, 146 U.S. 657, 668, 13 S.Ct. 224, 36 L.Ed. 1123. The purpose of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901, is stated as follows: "It is hereby declared to be in the interest of the national defense and security and necessary to the effective prosecution of the present war, and the purposes of this Act are, to stabilize prices and to prevent speculative, unwarranted, and abnormal increases in prices and rents; to eliminate and prevent profiteering, hoarding, manipulation, speculation, and other disruptive practices resulting from abnormal market conditions or scarcities caused by or contributing to the national emergency * * *."

■ This describes a threatened injury to the public. While private rights and interests are necessarily affected, the controlling purpose of the statute is to protect the public during the war emergency.

■ Section 205 is headed "Enforcement." Under it the Administrator can, at his option, pursue any one of a number of remedies in order to restrain inflation, maintain price levels, and effectuate the purposes of the Act. He may either apply for injunction, § 205(a), cause criminal proceedings to be instituted, § 205(b) and (c), issue licenses in order to regulate dealing in commodities, § 205(f), or file suit for recovery of treble damages § 205(e). The suit for recovery is plainly intended by Congress to be used as a method of "enforcement" equally with the other methods prescribed.[1] Hence we conclude that the manifest purpose of § 205(e) was to prevent the inflationary tendencies sought to be curbed by the Act as a whole, through punishment of violators of the statute by payment of penalties either to the Administrator or to the person injured.

■ The amount of such payments, if made to the injured person, supplies a direct and powerful incentive for the enforcement of the Act by the individual. Cf. Gilbert v. Thierry, 1944, D.C.Mass., 58 F.Supp. 235. As well stated in that case, the treble damages provision is intended to be sufficiently attractive to stimulate an aggrieved person to recover his losses and to enforce the law; and it is also intended to be sufficiently burdensome to deter potential violators and to punish actual violators.

■ Moreover, if a sum of money is to be recovered by a third person for violation of a statute instead of the person injured, Huntington v. Attrill, supra, 146 U.S. 657, 668, 13 S.Ct. 224, 36 L.Ed. 1123; State of Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 299, 8 S.Ct. 1370, 32 L.Ed. 239, or if the sum exacted is greatly disproportionate to the actual loss, Helwig v. United States, 188 U.S. 605, 611, 23 S.Ct. 427, 47 L.Ed. 614, it constitutes a penalty rather than damages. The fact that the sum is to be recovered in a civil action does not determine the nature of the exaction. Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720, 27 L.R.A.,N.S., 739, 16 Ann.Cas. 960; United States v. Zucker, 161 U.S. 475, 16 S.Ct. 641, 40 L.Ed. 777; Lees v. United States, 150 U.S. 476, 14 S. Ct. 163, 37 L.Ed. 1150; Jacob v. United States, Fed.Cas. No. 7,157.

In the light of such considerations, the exaction established by this statute clearly falls within the classification of penalty. In the present case recovery is to be paid not to the person injured, but to the Government. In fact in the majority of instances both original § 205(e) and the amendment make it difficult for the purchaser to recover. As to all sales for use or consumption in the course of trade or business, that is as to the innumerable transactions in wholesale or retail trade, the right of recovery is vested in the Administrator. As to the relatively fewer transactions not in the course of trade or business in which the buyer has the right of recovery, if he fails to institute the action within thirty days from the date of the occurrence of the violation, the Administrator may institute the action and the buyer is thereafter barred from prosecuting it.

■ The Administrator argues that the Government has suffered a loss by reason of these sales in excess of the price ceilings

[1] The case is thus sharply differentiated from Helvering v. Mitchell, 303 U. S. 391, 404, 405, 58 S.Ct. 630, 636, 82 L.Ed. 917, in which the statute construed contained "two separate and distinct provisions imposing sanctions" appearing "in different parts of the statute," one of them headed "Penalties," the other headed "Additions to the Tax."

on whiskey, and that recovery in his favor is recovery for the party injured; but no items of loss are alleged in the complaint, which is squarely based on violation of the regulation, rather than upon damage to the Government. It is plain here that the loss was borne by the purchasers of the whiskey, and that the return to them of the amount paid in excess of the maximum price under the OPA regulations, that is, one-third of the damages claimed in the complaint, would have made them whole. The fact that, as contended, the treble damages may compensate the Government for general expenses of administration and investigation does not bear upon the question whether the recovery is or is not penal in nature. It was held in Helvering v. Mitchell, 303 U.S. 391, 401, 58 S. Ct. 630, 82 L.Ed. 917, that a fifty per cent additional tax was remedial because it was provided primarily as a safeguard for protection of the revenue and "to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud"; but this was for expense suffered in the particular case, and in a case where the Government itself was defrauded. In the decisions relied on by the Administrator as holding that exactions of more than compensatory damages do not constitute a penalty, in every case the Government itself or the particular plaintiff had suffered a direct injury. Helvering v. Mitchell, supra; Overnight Motor Transportation Co., Inc. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443. In these cases also peculiar facts existed which invested the excess recovery with a compensatory feature. Thus in the Overnight Motor Transportation Co. case, the statute expressly provides that the double recovery is "liquidated damages."

In case of recovery under § 205(e), the sum to be paid is so greatly in excess of the loss incurred that it cannot be explained except upon the theory that the statute intends to subject the wrongdoer to an extraordinary liability not limited to the damage suffered. Huntington v. Attrill, supra, 164 U.S. 657 at page 667, 13 S. Ct. 224, 36 L.Ed. 1123. Cf. Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160, in which all members of the court agreed that the payment exacted because of violation of the statute was a penalty. Cogent evidence of the penal nature of § 205(e) is given in House Report 1593, 78th Congress, 2d Session, June 3, 1944, upon the proposed amendment to this section. In this report it was pointed out that under the original provision either $50 or treble the amount of the overcharge, whichever is the greater, is required to be paid, and if there is a series of overcharges the purchaser is entitled to recover at least $50 for each such overcharge. The report states: "For example, if a roomer who pays his rent by the day is overcharged 50 cents a day for 10 days, he is entitled under the present provision to recover $500 from his landlord even though the aggregate amount of the overcharge is only $5." The insistence that the recovery shall be "whichever is the greater" is significant. This provision is twice repeated in the amendment of 1944, and denies the existence of any congressional intent that the recovery provided shall merely make the purchaser whole. It reemphasizes the conclusion that as to the purchaser the amount of recovery provided is intended to supply a lively incentive for enforcing the Act, the recovery feature being a means to the attainment of this end.

If Congress had provided that the recoveries under this section were to be considered compensatory or liquidated damages, that declaration would be controlling here. Helwig v. United States, supra, 188 U.S. 605 at page 613, 23 S.Ct. at page 428, 47 L.Ed. 614. The statute construed in the Helwig case provided for "additional duties" or "a further sum" to be levied in case of undervaluation of imported goods. The court stated that if Congress had provided that this should or should not be considered a penalty, the court would be bound thereby; but in absence of such a declaration by Congress, the intrinsic nature of the exaction is decisive. Cf. Helvering v. Mitchell, supra; United States ex rel. Marcus v. Hess, supra. Since Congress did not include in § 205(e) any provision that treble damages or $50, "whichever is the greater," should be regarded as liquidated damages, the intrinsic nature of the provision controls; and this, as read in the light of the purpose of the statute and of the "Enforcement" section itself, is penalty rather than compensation.

The Administrator contends that the statute cannot be remedial as to the purchaser and penal as to the Government.

This contention runs against the weight of very respectable authority cited in Huntington v. Attrill, supra, 146 U.S. 657 at pages 667, 668, 13 S.Ct. 224, 36 L.Ed. 1123. Cf. Sullivan v. Associated Billposters & Distributors, 2 Cir., 6 F.2d 1000, 42 A.L.R. 503. Moreover, as stated above, we think that as to the purchaser the principal purpose of the Act is not mainly redress of the private wrong, but encouragement to enforce the provisions for the public.

 The Administrator claims that under § 10 of Carroll's Kentucky Statutes Annotated, 1936, actions for penalties survive in Kentucky. But the penalties imposed by the statute and the rights acquired by the Government under the statute have federal sources. The question of the survival of the action, which did not exist at common law and is purely the creature of congressional enactment, is not governed by state statutes of survival. In the absence of an Act of Congress, the federal courts are entitled to apply the proper rules of federal law under their own standards. Deitrick v. Greaney, 309 U.S. 190, 200, 60 S.Ct. 480, 84 L.Ed. 694; Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S. Ct. 172, 87 L.Ed. 165; Barnes Coal Corporation v. Retail Coal Merchants Assn., 4 Cir., 128 F.2d 645; American Surety Co. v. First National Bank, 4 Cir., 141 F.2d 411, 416. Under federal law an action for penalties and forfeitures recoverable under congressional enactment does not survive, but abates with the death of the claimed violator of the statute. Schreiber v. Sharpless, 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65; Sullivan v. Associated Billposters & Distributors, supra; Van Choate v. General Electric Co., D.C., 245 F. 120.

It remains to consider the effect of the amendment of 1944 above quoted, which makes it discretionary with the District Court whether treble damages shall be recovered and permits the person charged with liability to set up certain circumstances in mitigation of the damages. In view of the considerations stated above, we conclude that in this amendment also the purpose of the Congress is prevention of the practice of selling above ceiling prices, and that here too a penalty rather than damages is involved. The amendment simply provides that in case of good faith the penalty is less than in the case of fraud. A similar situation existed in the statute construed in Helwig v. United States, supra, 188 U.S. 605 at page 612, 23 S.Ct. 427, 47 L.Ed. 614, and it was there held that the nature of the penalty is the same, only in one case it is satisfied by a lesser penalty than in the other.

Holding, as we do, that the action for recovery of a penalty does not survive, we conclude that the District Court correctly ruled that no cause of action was stated against this appellee, and correctly dismissed the complaint as to it.

The judgment is affirmed.