PORTER, Price Administrator, v.
MONTGOMERY.

No. 9185.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 21, 1946.

Decided July 11, 1947.

Samuel Rosenwein, of Washington, D. C. (George Moncharsh, David London, and Albert M. Dreyer, all of Washington, D. C., Kenneth V. Fisher, of New York City, and Loran L. Lewis, of Pittsburgh, Pa., on the brief), for appellant.

Marvin D. Power, of Pittsburgh, Pa. (Margiotti & Casey, of Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, ALBERT LEE STEPHENS, and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

On February 2, 1945, the Administrator filed suit, pursuant to the provisions of the Emergency Price Control Act of 1942 as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 901 et seq., against the defendants. He prayed that they be enjoined[1] from continuing certain practices which resulted in higher-than-ceiling prices for lumber sold by them and sought to recover treble the amounts of overcharges on sales.[2] Before answer and on April 28, 1945 the defendant Charles H. Montgomery died. The Administrator asked the court to substitute as parties defendant the administrators of Montgomery's estate,[3] asserting that the right to a money judgment[4] under Section 205(e)[5] of the Act against Montgomery was not extinguished

---

[1] See Section 205(a), 50 U.S.C.A.Appendix, § 925(a).

[2] See Section 205(e), 50 U.S.C.A.Appendix, § 925(e).

The complaint states: "None of the purchases * * * were made for use or consumption other than in the course of trade or business."

[3] See R.S. Section 955, 28 U.S.C.A. § 778, as follows:

"When either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment."

See also Federal Rules of Civil Procedure, rule 25(a) (1), 28 U.S.C.A. following Section 723c, as follows, "If a party dies and the claim is not thereby extinguished, the court * * * may order substitution of the proper parties."

[4] The United States does not contend that it can have an injunction against the dead man.

[5] Section 205(e) as amended is as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of

by his death. The Administrator asserts that his suit is a civil action for damages. Montgomery's administrators contend that the action is one for a penalty and that therefore the Act of June 16, 1933, c. 103, 28 U.S.C.A. § 780a,[6] is not available to save the cause of action for the Administrator. The court below took a view unfavorable to the Administrator. See 66 F.Supp. 889. He has appealed.

The legislative history of Section 780a is not very helpful. It consists chiefly of a letter written by the Acting Attorney General under date of May 20, 1933, to the Chairman of the Judiciary Committee of the Senate. The letter is set out in the footnote.[7] It appears from discussion on the floor of the House of Representatives that the individual to whom the Acting Attorney General referred in his letter was Edward L. Doheny[8] who had been sued in the District Court of the United States for the Southern District of California, Central Division, at No. 6350-J, by William C. McDuffie, as receiver of Pan American Petroleum Company. The cause of action grew out of the circumstances surrounding the drainage of oil from "Tea Pot Dome". McDuffie sought collection of damages from Doheny because of a conspiracy alleged to exist between him and Albert B. Fall and to collect from Doheny for Pan American the sums decreed to be paid by Pan American to the United States. It is not presently clear in precisely what fashion the United States was interested in McDuffie's suit against Doheny but we think we may assume that a question of collection of a judgment was presented. In any event it is clear that McDuffie's suit against Doheny was a civil action for damages and not a suit for a penalty.

the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction. A judgment in an action for damages under this subsection shall be a bar to the recovery under this subsection of any damages in any other action against the same seller on account of sales made to the same purchaser prior to the institution of the action in which such judgment was rendered. * * *"

6 The Section provides:

"No civil action to recover damages, brought by the United States or in its behalf, or in which the United States shall be directly or indirectly interested, and pending against any defendant prior to the time of his death, in any court of the United States, shall abate by reason of the death of any such defendant; but any such action shall survive and be enforceable against the estate of any such deceased defendant. This section shall not be construed to deprive the plaintiff in any such action of any remedy which he may have against a surviving defendant."

7 The letter is as follows:

"May 20, 1933.

"My Dear Senator: I have your letter of May 18 reporting to me Senate bill 815, having to do with the survival of actions for damages in which the United States is directly or indirectly interested.

"Actions for damages ask for pecuniary relief and pecuniary relief may be as well provided by the estate of the defendant as by the defendant himself. The laws of the various States vary a great deal with respect to what actions do or do not survive. The United States is active in all States and jurisdictions and therefore it seems well that a general statute providing for survivorship of causes of action in which pecuniary relief is sought would seem proper in order that the interests of the United States may be protected everywhere alike.

"There is now pending in a District Court of the United States an action for damages in a large amount in which the United States is immediately interested. The defendant in such litigation is very wealthy and very old, and if pecuniary liability exists it does not seem fitting that the death of such defendant ought to end the possibility of pecuniary relief from his otherwise ample estate. Consequently, it is urged that the attached Senate bill 815 be given immediate attention to the end that it may become a law as soon as possible. I recommend its passage in the interests of the Government."

8 See the references by Chairman Sumners of the House Judiciary Committee and by Representative Blanton. Cong. Rec. 73rd Cong., 1st Sess., p. 6164.

We turn now to the legislative history of Section 205. An action by the Administrator under subsection (e) has been referred to as "a suit for damages on behalf of the United States." Senate Report No. 922, 78th Cong., 2d Sess., p. 5; House Report No. 1593, 78th Cong., 2d Sess., p. 8. The report last referred to states that Section 205 "* * * includes a criminal proceeding, an injunction proceeding, an action for damages * * *," and that subsection (e) is "the so-called treble damage provision." A conference report states that the subsection "permits a civil action * * * for treble the amount of any unlawful overcharge * * *." House Report No. 1658, 77th Cong., 2d Sess., p. 26. It is notable that no reference is made in subsection (e) to a "penalty" or to "penalties." Indeed the only reference in the section to "penalties" occurs in subsection (d) wherein it is stated, "No person shall be held liable for damages or penalties in in any Federal, State, or Territorial court, on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this Act * * *". In referring to penalties in subsection (d) Congress may have had in mind the criminal sanctions of the Act to be imposed by the District Courts of the United States.

It has been held that an action by a consumer brought under Section 205(e) is remedial. Everly v. Zepp, D.C.E.D.Pa., 57 F.Supp. 303. The reason advanced for the decision is that recovery is to recompense the consumer for the injury suffered by him. Thierry v. Gilbert, 1 Cir., 147 F.2d 603, affirming D.C., 58 F.Supp. 235. A number of decisions have ruled that actions brought by the United States, that is to say by the Administrator, are penal in nature. Brown v. Glick Bros. Lumber Co. D.C.S.D.Cal., 52 F.Supp. 913, reversed on other grounds 9 Cir., 146 F.2d 566; Bowles v. Beatrice Creamery Co., D.C.D.Wyo., 56 F.Supp. 805; Bowles v. Silverman, D.C.D.S. Dak., 57 F.Supp. 990, appeal dismissed, 8 Cir., 145 F.2d 1022. The reasoning of these cases is that the United States imposes a fine to punish the wrongdoer which aids in the enforcement of a law passed by Congress to aid the general welfare. Other cases hold that the nature of the action under Section 205(e) is the same whether the suit be brought by the United States or by the consumer. Bowles v. Farmers Nat. Bank of Lebanon, Ky., 6 Cir., 147 F.2d 425; Bowles v. Trowbridge, D.C.N.D. Cal., 60 F.Supp. 48.[9]

The decision of the Supreme Court in Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123, does not solve the questions sub judice. It is notable that almost every decision, both state and federal, has cited this authority and has attempted to apply the tests set forth in it with widely divergent results. Cf. Carter v. Carter Coal Company, 298 U.S. 238, 56 S.Ct. 371, 80 L.Ed. 1160. It should be observed, however, that in the decision in Porter v. Warner Holding Co., 328 U.S. 395, at pages 401, 402, 66 S.Ct. 1086, 1091, 90 L.Ed. 1332, there were words employed which may indicate that subsection (e) provides both damages and penalties.[10] See also the dissenting opinion of Mr. Justice Rutledge, Id., 328 U.S. at page 407, 66 S.Ct. 1086, 90 L.Ed. 1332. In Testa v. Katt, 67 S.Ct. 810, Mr. Justice Black expressly assumed that § 205(e) is a penal statute. The question under consideration in the instant case was not before the Supreme Court in either of the decisions referred to. Cf. Crary v. Porter, 10 Cir., 157 F.2d 410, 413–415, and Bowles v. Farmers Nat. Bank of Lebanon, Ky., supra.

The fact that judgment in the instant case may amount to "three times the amount

---

[9] Most of the cases are collected in an illuminating article published in the Journal of the National Association of Referees in Bankruptcy, January 1947, Vol. 21, No. 2, pp. 39–43, Provability and Dischargeability of Judgments Against Overcharging Merchants and Landlords under Emergency Price Control Act, by Robert Stephen Oglebay.

[10] Mr. Justice Murphy speaks of the right of the Administrator on behalf of the United States to "seek damages in the nature of penalties." See also the words employed in note 5 of the opinion where reference is made to the amendment "to § 205(e), whereby the Administrator was allowed to sue for damages under prescribed conditions * * *".

of the overcharge"[11] is not the touchstone to a correct decision; nor does the solution to the problem lie in calling a suit by a consumer a civil action for damages while designating one brought by the Administrator as calling for a penalty. See Huntington v. Attrill, 146 U.S. at page 668, 13 S.Ct. at page 228, 36 L.Ed. 1123. We may not conclude that a suit is remedial in nature when it provides a private remedy and is not remedial where it seeks to redress public damage. The objection to such reasoning is all the more apparent when we consider that in time of war the public economy is necessarily subjected to public control and a burden is imposed by taxation to aid in maintaining commodity prices at fair levels.

In this welter of law it seems that the case at bar can be decided only on commonsense principles. A civil action is for damages if it is brought for the compensation of the injured individual. It is for a penalty if it seeks to obtain a sum of money for the state, an entity which has not suffered direct injury by reason of any prohibited action. In order to obtain damages the loss must flow out of the wrong and be its natural and proximate consequence. Smith v. Bolles, 132 U.S. 125, 130, 10 S.Ct. 39, 33 L.Ed. 279. A penalty need have no causal connection with the wrong inflicted. In a penal statute the penalty is inflicted by a law for its violation. In the case at bar the sum sought to be recovered by the Administrator clearly is not intended for compensation whereby Montgomery should reimburse or compensate any person whom he injured by sales above ceiling price. The sum sought to be recovered is in the nature of an exaction, to be levied upon Montgomery or his heirs as a penalty to aid in the prevention of a repetition of an offense prohibited by the Act. See Bowles v. Farmers Nat. Bank of Lebanon, Ky., supra. We conclude therefore that Section 780a, Title 28 U.S.C.A., which provides that no civil action for damages brought by the United States or in its behalf shall abate by reason of the death of a defendant will not serve to preserve the Administrator's suit against Montgomery and that the court below committed no error in refusing to substitute his administrators as party-defendants.

The order appealed from will be affirmed.

---

[11] Of course the judgment, if there be one, may not amount to three times the overcharge. The appellees may plead and prove that the violation, if there was one, was not wilful nor the result of failure to take practicable precautions. The judgment therefore may be limited to the actual amount of the overcharge.