**UNITED STATES v. MURRAY.**
Civil Action No. 562.

District Court, D. New Hampshire.
Dec. 5, 1947.

Dennis E. Sullivan, United States Attorney, of Concord, N. H., for plaintiff.

Robert W. Upton, of Concord, N. H., for defendant.

CONNOR, District Judge.

This is a complaint filed by Paul A. Porter, Administrator Office of Price Administration, against Thomas A. Murray, doing business as Victory Lumber & Supply Company, under Sections 205(a), 205(c), and 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(a, c, e), and therein is sought injunctive orders and judgment on the behalf of the United States in the sum of $30,000. In conformity with Executive Order No. 9842, 50 U.S.C.A.Appendix, § 925 note, (12 Fed.Reg. 2648), dated April 23, 1947, the United States upon motion of the United States Attorney was substituted as plaintiff. The said Thomas A. Murray deceased on December 24, 1946, and Margaret A. Murray was appointed administratrix of his estate under date of January 17, 1947. Thereafter the plaintiff moved, in accordance with Rule 25(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that the court order the substitution of said Margaret A. Murray, Administratrix of the Estate of Thomas A.

Murray, as party defendant in place and stead of the said Thomas A. Murray. The administratrix in answer objected to the issuance of such order and prayed for dismissal of the motion on the ground that the claim of the plaintiff and the cause of action upon which it is based have been extinguished by the decease of the said Thomas A. Murray.

The question here presented is whether an action for a money judgment brought by the Administrator under the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e), survives after death of the party defendant.

This issue, with the factual situation similar to that in the instant case, was fully considered and decided in Porter v. Montgomery, 3 Cir., 163 F.2d 211, in holding that an action brought by the Administrator under this section is one for a penalty and not for damages and does not survive the death of the claimed violator. Upon the authority of this and other supportive decisions, Fleming v. Elliott, 3 Cir., 163 F.2d 215; Bowles v. Farmers National Bank, 6 Cir., 147 F.2d 425; Kamoses v. Martin, D.C., 6 F.R.D. 585, the motion to substitute will be denied.

An order may be entered in conformity thereto.