UNITED STATES of America,
Plaintiff-Appellant,

v.

Allen F. PRICE, d/b/a Allen F. Price Machinery Company, Defendant-Appellee.

No. 14299.

United States Court of Appeals
Sixth Circuit.

May 17, 1961.

John G. Laughlin, Dept. of Justice, Washington, D. C., George Cochran Doub, V. Judson Klein, Dept. of Justice, Washington, D. C., Russell E. Ake, U. S. Atty., Cleveland, Ohio, on brief, for appellants.

John H. Ritter, Cleveland, Ohio, Hornbeck, Knachel, McLaughlin & Ritter, Cleveland, Ohio, on brief, for appellee.

Before SIMONS, Senior Circuit Judge, O'SULLIVAN, Circuit Judge, and THORNTON, District Judge.

PER CURIAM.

This appeal involves an action commenced in 1952 by the United States to enforce against the defendant the remedies provided in Section 409(c) of the Defense Production Act of 1950, Section 2109(c), Title 50 U.S.C.A.Appendix. The suit was brought against Price, an in-

dividual, for allegedly selling machinery in violation of a certain price regulation.

In 1959, one month before the date set for trial, the defendant died. The United States then moved to substitute the executrix of Price's estate as defendant, under Rule 25(a), F.R.Civ.P. 28 U.S. C. The district court denied the motion and dismissed the suit, holding, on authority of Bowles v. Farmers National Bank, 6 Cir., 1945, 147 F.2d 425, that the action abated upon the death of Price.

The government contends that the holding of the district court is error for two reasons: first, that the holding is opposed to Section 2404, Title 28 U.S.C., enacted since this court's Bowles decision; and, second, that the authority of Bowles is no longer controlling in the light of later decisions of the Supreme Court of the United States, and of other circuits. These later decisions are: United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149; Koller v. United States, 1959, 359 U.S. 309, 79 S.Ct. 755, 3 L.Ed.2d 828; affirming, United States v. Doman, 3 Cir., 1958, 255 F.2d 865; United States v. Posner, 3 Cir., 1959, 269 F.2d 742; and Toepleman v. United States, 4 Cir., 1958, 263 F.2d 697.

The question for decision is whether the action brought by the United States is one for the recovery of damages or for the recovery of a penalty. This issue cannot be resolved by labeling the action a "civil action for damages" if it is not such. Nor can it be resolved merely by relying on Section 2404, Title 28 U.S. Code, since that enactment assumes as settled the question disputed here.[1]

■ We have held that whether an action is one for damages or to enforce a penalty depends upon what is sought to be recovered by it. Bowles v. Farmers National Bank, 6 Cir., 1945, 147 F.2d 425.

If it is brought to compensate for an injury to the United States, it is one for damages and does not abate upon the death of the defendant. If, on the other hand, no direct injury has been done to the United States, the action is not for compensation but for the recovery of a penalty, and abates upon the death of the defendant. Bowles v. Farmers National Bank, 6 Cir., 1945, 147 F.2d 425; Porter v. Montgomery, 3 Cir., 1947, 163 F.2d 211.

Viewing the case before us in the light of these principles, it is clear that the action brought by the government here is not one brought to compensate for an injury done directly to the United States, or for damages suffered by it. Rather, it is one brought to obtain money for an alleged violation of the law. In connection with this point, see Massy v. United States, 8 Cir., 1954, 214 F.2d 935, 940, 941; Porter v. Warner Holding Co., 1946, 328 U S. 395, 401, 402, 66 S.Ct. 1086, 90 L.Ed. 1332. Consequently, unless the cases cited above and relied upon by the plaintiff-appellant here are in conflict with our decision in Bowles v. Farmers National Bank, the decision of the district court must be affirmed.

■ We have examined these cited cases and conclude that they are not in conflict with our prior Bowles decision. Present in each of the cases relied on is an element of direct injury and damage to the United States. It is evident that if the United States suffers a direct injury by a defendant's actions, the suit brought by the United States is one for compensatory damages and does not abate upon the death of the defendant. United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149; Koller v. United States, 1959, 359 U.S. 309, 79 S.Ct. 755, 3 L.Ed.2d 828, affirming, United States v. Doman, 3 Cir., 1958, 255 F.2d 865; United States v. Posner,

---

1. "*A civil action for damages* commenced by or on behalf of the United States or in which it is interested shall not abate on the death of a defendant, but shall survive and be enforceable against his estate as well as against surviving defendants." (Emphasis supplied.) 28 U.S.C. § 2404.

3 Cir., 1959, 269 F.2d 742; Toepleman v. United States, 4 Cir., 1958, 263 F.2d 697. See also, Reimer's Estate v. Commissioner, 6 Cir., 1950, 180 F.2d 159.

No such injury is present in the case before us, nor was it present in the Bowles case. We hold that the action brought is not one to recover compensation for injury, but is one to recover a penalty and abated upon the death of Price.

In the Bowles case we said, 147 F.2d at page 429, that "if Congress had provided that the recoveries under the section [involved] (Emergency Price Control Act of 1942, 50 U.S.C.Appendix 925[e]) were to be considered compensatory or liquidated damages, that declaration would be controlling here." Citing Helwig v. United States, 188 U.S. 605, 613, 23 S.Ct. 427, 47 L.Ed. 614. In the statute involved here (Title 50 U.S.C.A.Appendix, § 2109 [c]) provision is made for an action to be brought by a buyer who has paid an excessive amount for goods, wherein such buyer may recover the overcharges paid, trebled, in the discretion of the court. This, of course, would be an action for damages. The section then provides for suit by the United States in case the damaged buyer fails to bring suit. The action by the government is not in behalf of the damaged buyer, and the government's recovery is not paid over to such buyer. In the concluding portion of such subsection (c) it is provided that, "a judgment in an action for damages * * under this subsection" shall be a bar to any action for additional overcharges exacted prior to the institution of the action in which judgment was rendered. The appellant argues that the quoted language evidences Congressional intent that all recoveries under the section involved (including recoveries in actions brought by the United States) should be considered compensatory or liquidated damages. We do not agree. The reference to a "judgment in an action for damages" would correctly describe a judgment obtained by an injured buyer who brought suit under the section. We do not think that proper construction compels the applica-

tion of this language to an action brought by the government, not itself a buyer. In any event, we do not consider that this language evidences Congressional intent to characterize the action brought by the government in this case as a seeking of *damages*. The government was not the buyer in the case at bar.

The judgment of the district court is affirmed.