UNITED STATES of America,
Plaintiff,

v.

ATLAS LEDERER COMPANY,
et al., Defendants.

No. 3:91cv309.

United States District Court,
S.D. Ohio,
Western Division.

March 29, 2007.

David F Musel, Deborah M Reyher, Gregory L Sukys, Matthew A. Fogelson, Thomas A. Benson, U.S. Department of Justice, Environmental Enforcement Section, Washington, DC, Joseph W C Warren, U.S. Department of Justice, Land & Natural Resources Division, Washington, DC, Patrick Dennis Quinn, United States Attorney's Office, Dayton, OH, Sherry L Estes, Assistant Regional Counsel, U.S. Environmental Protection Agency, Chicago, IL, for plaintiff.

Ben Lefever Pfefferle, III, Baker & Hostetler LLP, Columbus, OH, Louis L McMahon, Thompson Hine LLP, Columbus, OH, Michael A Cyphert, Walter & Haverfield, Cleveland, OH, for Atlas Lederer Co., Sims Bros., Inc.

Douglas G Haynam, Shumaker Loop & Kendrick, Toledo, OH, Louis E Tosi, Shumaker Loop & Kendrick, Toledo, OH, for GMC.

Matthew Yackshaw, Day Ketterer Raley Wright & Rybolt, Canton, OH, for Senser Metal Co., Inc.

Laura Alicia Ringenbach, Taft Stettinius & Hollister, Cincinnati, OH, Charles H Pangburn, III, Hemmer Spoor Pangburn Defrank & Kasson PLLC, FT Mitchell, KY, for David J. Joseph Co.

Jonathan P Saxton, William Roger Fry, Rendigs Fry Kiely & Dennis LLP, Cincinnati, OH, for Livingston & Co., Inc.

Ben Lefever Pfefferle, III, Baker & Hostetler LLP, Columbus, OH, Louis L McMahon, Thompson Hine LLP, Columbus, OH, Michael A Cyphert, Walter & Haverfield, Cleveland, OH, Jacqueline F Allen, Unknown, Philip R Boxell, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Consolidated Railroad Corp., United Scrap Lead Respondent Group Litigation Counsel.

Acme Metals, pro se.

Charles Patrick Houdyschell, Jr., Charleston, WV, Darrell V McGraw, Jr., West Virginia Attorney General, Charleston, WV, for West Virginia State Penitentiary.

Martin Harry Lewis, Scott Alan Richardson, Tucker Ellis & West LLP, Cleveland, OH, for Ace Iron & Metal Co., Caldwell Iron & Metal, Larry Katz, Alan Levine.

Stephen Neal Haughey Frost Brown Todd LLC, Cincinnati, OH, for Burns Iron & Metal.

Thomas A Linton, Ohio Bell Telephone Company, Cleveland, OH, for Ohio BEll Telephone.

Oil & Battery Service Co, Chillicothe, OH, pro se.

Peter M Burrell, Wood & Lamping, Cincinnati, OH, for U.S. Waste Material Co.

Richard A Frye, Chester Willcox & Saxbe, Columbus, OH, for Waters Supply Co., Aluminum Alloys Co.

James R Sheatsley, Gorman Sheatsley & Company LC, Beckley, WV, for Barker Junk Co.

Richard H Friedman, McNees Wallace & Nurick, Harrisburg, PA, for Charles Blueston Co.

Ralph C Megargel, Elbene & Megargel, Kent, OH, for Imtercity Auto Wrecking.

Jerome David Catanzaro, Catanzaro & Rosenberger, Waverly, OH, for McAllister Chevrolet.

Matthew Yackshaw, Day Ketterer Raley Wright & Rybolt, Canton, OH, for Saul Senser.

Laura Alicia Ringenbach, Taft Stettinius & Hollister, Cincinnati, OH, Michael A Cyphert, Walter & Haverfield, Cleveland, OH, Charles H Pangburn, III, Hemmer Spoor Pangburn Defrank & Kasson PLLC, FT Mitchell, KY, for David J. Joseph Co.

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY DEFENDANT (DOC. # 683); DECISION AND ENTRY OVERRULING MOTION OF DEFENDANTS SAUL SENSER AND SENSER METAL CO., INC., TO STRIKE REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY DEFENDANT (DOC. # 706)

RICE, District Judge.

This litigation arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* Plaintiff United States of America has settled its claims with the members of the United Scrap Lead Respondent Group ("Respondent Group"). Pursuant to § 107(a) and § 113(f) of CERCLA, 42 U.S.C. § 9607(a) and § 9613(f), the United States and the Respondent Group now seek to recover the costs they have incurred to remediate environmental contamination at the United Scrap Lead Company Superfund Site ("USL Site" or "Site") in Troy, Ohio, from other potentially responsible parties ("PRPs"). At that Site, United Scrap Lead Company ("USL") collected used car, truck and industrial batteries from numerous businesses and individuals. The batteries were broken open to remove the lead cores and lugs, which caused the USL Site to become contaminated with hazardous substances, including lead and lead contaminated sulfuric acid. As a result of that contamination, the Site has been included on the National Priorities List. *See* 40 C.F.R. Pt. 300, App. B. The Respondent Group has agreed to fund the remedy which has resulted in the cleanup of that hazardous waste site.

This litigation is now before the Court on Plaintiff's Motion for Substitution of

Party Defendant (Doc. # 683), with which it requests that the Court substitute, for Saul Senser ("Senser"), deceased, the Estate and Executor of the Estate of Saul Senser. In addition, Senser has filed a motion, requesting that the Court strike the Reply Memorandum (Doc. # 703), which the Government filed in support of its Motion for Substitution of Party Defendant.[1] *See* Doc. # 706. As a means of analysis, the Court will initially rule upon Senser's request to strike, before turning to the Government's motion seeking substitution.

*I. Senser's Motion to Strike Reply Memorandum in Support of Plaintiff's Motion for Substitution of Party Defendant (Doc. # 706)*

■ Senser argues that the Government's Reply Memorandum should be stricken, because the Government has provided a moving target, by submitting what amounts to an eleven-page Reply Memorandum, which Senser states contains 29 additional citations to legal authority. In contrast, the Government's memorandum submitted with its motion was a mere four pages in length. Senser contends that he will suffer a deprivation of due process, if this Court does not strike the Government's memorandum, and that further briefing would not cure the harm he will suffer, since he has limited resources. In addition, Senser asserts the Government's Reply Memorandum violates S.D.Ohio Civ.R. 7.2(a)(1). In *United States v. Campbell,* 279 F.3d 392 (6th Cir.2002), the Sixth Circuit noted that the purpose of a

reply brief is to "respond to arguments raised for the first time in appellee's brief."[2] *Id.* at 401 (internal quotation marks and citations omitted). Since the Government's Reply Memorandum responds to the arguments set forth in Senser's Memorandum in Opposition (Doc. # 699), and does not deprive Senser of due process, this Court, for reasons set forth below, overrules the Motion to Strike Reply Memorandum in Support of Plaintiff's Motion for Substitution of Party Defendant (Doc. # 706), filed by Senser and Senser Metal.

In its motion to substitute, the Government argues that the Court should substitute Senser's Estate and the Executor of his Estate for Senser, because it has complied with the two requirements of Rule 25(a) of the Federal Rules of Civil Procedure, i.e., that the claims against Senser survive his death and that its motion be made within 90 days of the date upon which his death was noticed on the record. *See* Doc. # 683. Senser filed a 15–page memorandum in opposition to the Plaintiff's motion, presenting six arguments, to wit: 1) there is no authority permitting substitution in a case of this nature; 2) the claims asserted against Senser herein were extinguished by his death; 3) substitution should be denied due to futility; 4) the Court should deny substitution because of Plaintiff's misconduct; 5) Plaintiff failed to comply with Rule 25; and 6) neither Senser's Estate nor the Executor of his Estate is a "person," as that term is defined by CERCLA. *See* Doc. # 699. In

---

**1.** Defendant Senser Metal Co., Inc. ("Senser Metal"), has also joined in the motion to strike the Government's Reply Memorandum. The Court overrules that motion as it relates to Senser Metal, given that the Government has not requested to substitute a party for that Defendant. As a consequence, that Defendant is without standing to request that the

Court strike the Government's Reply Memorandum.

**2.** Although the *Campbell* court was discussing appellate briefs, there is no principled reason for treating a reply memorandum filed in a District Court differently than a reply brief filed in the Sixth Circuit.

its Reply Memorandum (Doc. # 703), the Government has responded to those arguments. In addition, this Court cannot agree with Senser that considering the Government's Reply Memorandum will deprive him of due process. As he implicitly recognizes in his motion, by arguing that he could not afford further briefing, this Court would have afforded him the opportunity of filing a surreply memorandum; however, he has not requested leave to do so. Moreover, the Government did not violate Rule 7.2(a)(1), by submitting a Reply Memorandum. That Rule provides that all motions "shall be accompanied by a memorandum in support thereof which shall be a brief statement of grounds, with citation of authorities relied upon." This Court does not interpret that language as prohibiting the citation of additional authorities in a reply memorandum. If the intent of that language had been to impose such a prohibition, it is logical to assume that Rule 7.2(a)(2), which addresses reply memoranda, would have so indicated.

Accordingly, the Court overrules the Motion to Strike Reply Memorandum in Support of Plaintiff's Motion for Substitution of Party Defendant (Doc. # 706), filed by Senser and Senser Metal. As a consequence, the Court will consider the Government's Reply Memorandum (Doc. # 703), when ruling upon its Motion for Substitution of Party Defendant (Doc. # 683), to which the Court now turns.

## II. Plaintiff's Motion for Substitution of Party Defendant (Doc. # 683)

■ As a result of the death of Senser, two suggestions of death have been filed on the record. *See* Docs. ## 675 and 678. Substitution for a deceased party is governed by Rule 25(a) of the Federal Rules of Civil Procedure, which provides in pertinent part:

(a) *Death.*

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

The Government argues that this Court should grant its request for substitution, given that it has met the two requirements of Rule 25(a), since its claims against Senser survive his death and its motion was made within 90 days of the date upon which his death was noticed on the record. In response, Senser has presented the six arguments which are set forth above. Senser's first two arguments (i.e., that there is no authority permitting substitution in a case of this nature and that the claims asserted against Senser herein were extinguished by his death) both relate to the requirement set forth in Rule 25(a) that the claims survive his death. The fifth argument (that the Government failed to comply with Rule 25) pertains to the 90–day temporal limitation contained in that Rule. With his other three arguments (i.e., that substitution should be denied due to futility, because of Plaintiff's misconduct and since neither Senser's Estate nor the Executor of his Estate is a "person," as that term is defined by CERCLA), Senser requests that the Court exercise its discretion to deny the request

for substitution.[3] As a means of analysis, the Court will address the three categories of arguments in the above order.

### A. Survival of the Claims against Senser

In its Amended Complaint (Doc. # 639), the Plaintiff has set forth two claims for relief against Senser, to wit: a direct cost recovery action under § 107 of CERCLA, alleging that Senser, himself, personally arranged for the disposal of hazardous substances at the USL Site, and a claim seeking to impose upon him the liability of Senser Metal under § 107, pursuant to a piercing the corporate veil theory. It bears emphasis that the Government's piercing the corporate veil theory is a claim under CERCLA. *United States v. Bestfoods,* 524 U.S. 51, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). The Plaintiff argues that the two claims against Senser under CERCLA survived his death, while Senser is of the opposite opinion.

Plaintiff places primary reliance upon *United States v. Price,* 290 F.2d 525 (6th Cir.1961), wherein the Sixth Circuit applied its earlier decision in *Bowles v. Farmers National Bank of Lebanon, Ky.,* 147 F.2d 425 (6th Cir.1945), in an action by the Government to enforce the remedies contained in the Defense Production Act of 1950. In particular, the Government alleged in *Price* that the defendant had violated that statute, by selling machinery in violation of a price regulation. After the defendant's death, the District Court denied the Government request for substitution. The Sixth Circuit affirmed, noting that whether a claim asserted by the United States survives the defendant's death, in accordance with Rule 25(a), depends upon "whether the action brought by the United States is one for the recovery of damages or for the recovery of a penalty." 290 F.2d at 526. Therein, the Sixth Circuit also explained the difference between those two actions:

> We have held that whether an action is one for damages or to enforce a penalty depends upon what is sought to be recovered by it. *Bowles v. Farmers National Bank,* 147 F.2d 425 (6th Cir.1945). If it is brought to compensate for an injury to the United States, it is one for damages and does not abate upon the death of the defendant. If, on the other hand, no direct injury has been done to the United States, the action is not for compensation but for the recovery of a penalty, and abates upon the death of the defendant. *Bowles v. Farmers National Bank,* 147 F.2d 425 (6th Cir.1945); *Porter v. Montgomery,* 163 F.2d 211 (3rd Cir.1947).

*Id.* In affirming the denial of the motion for substitution, the Sixth Circuit concluded that, since the Government had not suffered an injury, it was seeking to impose a penalty, and that, therefore, the claim had not survived the defendant's death.[4] *Id.*

In *Murphy v. Household Finance Corp.,* 560 F.2d 206 (6th Cir.1977), a case upon which Senser places primary reliance, the Sixth Circuit revisited the question of what

---

3. Rule 25(a) provides that a court "may order substitution of proper parties." For present purposes, this Court assumes that the use of the word "may" invests it with the discretion to deny the Government's request for substitution, based upon any one or more or all of Senser's assertions.

4. The *Smith* court concluded that the analytical framework established therein was consistent with 28 U.S.C. § 2404, which provides that "[a] civil action for damages commenced by or on behalf of the United States or in which it is interested shall not abate on the death of a defendant but shall survive and be enforceable against his estate as well as against surviving defendants."

claims survive a party's death.[5] The Sixth Circuit reiterated that a claim seeking recovery of a penalty did not survive a party's death and identified three factors which bear on the question of whether a claim is for a penalty:

> Three factors in particular deserve attention: 1) whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; 2) whether recovery under the statute runs to the harmed individual or to the public; and 3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered.

*Id.* at 209. Senser argues that *Murphy* has superseded *Price* and that applying the three factors set forth in *Murphy* will lead to the conclusion that the Government's CERCLA claims did not survive his death. Accepting Senser's assertion for present purposes and applying those three factors, this Court concludes the Plaintiff's CERCLA claims against Senser survived his death.

As an initial matter, this is an action by the Government, under § 107 of CERCLA, to recover the costs it has incurred in remediating the USL Site. This is not an action to enforce the entirety of the Comprehensive Environmental Response, Compensation and Liability Act. The purpose of such a recovery action is to permit the Government to redress the wrong it has suffered (i.e., incurring the costs it seeks to recover), rather than redressing the more general wrongs to the public. Indeed, § 107 permits the recovery of "all costs of removal or remedial action incurred by the United States Government ... not inconsistent with the national contingency plan." It does not permit the Government to recover an amount to compensate the public for the harm it has suffered as a result of the contamination of the USL Site. In addition, recoveries under § 107 run to the injured party, the United States which has incurred the costs, rather than to the public as a whole. *See* 26 U.S.C. § 9507; *United States v. R.W. Meyer, Inc.,* 889 F.2d 1497, 1500 (6th Cir.1989). Moreover, the recovery authorized by § 107 is not disproportionate to the harm suffered by the Government, given that the statute authorizes the Government to seek recovery of "all costs" it has incurred, no more, no less.[6]

Accordingly, this Court concludes that the CERCLA claims against Senser survived his death. In so concluding, this Court notes that other federal courts have reached the same conclusion, albeit in contribution actions under § 113(f), rather than cost recovery actions under § 107. *Canadyne–Georgia Corp. v. Bank of America,* 174 F.Supp.2d 1337, 1354 (M.D.Ga.2001); *North Carolina ex rel. Howes v. Peele,* 876 F.Supp. 733, 743 (E.D.N.C.1995); *Bowen Eng'g v. Estate of Reeve,* 799 F.Supp. 467, 475 (D.N.J.1992), *aff'd,* 19 F.3d 642 (3d Cir.1994); *Conductron Corp. v. Williams,* 785 F.Supp. 271 (D.N.H.1991).

**B. Procedural Requirements of Rule 25(a)**

Senser argues that the Plaintiff did not comply with the procedural requirements

---

5. That decision arose in the context of whether a cause of action was transferable under the Bankruptcy Act, rather than as a motion to substitute parties under Rule 25(a). However, the parties therein agreed that the resolution of that question depended upon whether the cause of action would have survived the death of a party. 560 F.2d at 208.

6. Senser argues that § 107 is penal in nature, because the Government is attempting to recover its indirect costs in this litigation. This Court rejects that argument, given that the Sixth Circuit held in *R.W. Meyer, supra,* that costs recoverable under § 107 include a proportionate share of indirect costs. 889 F.2d at 1504.

of Rule 25(a), by failing to serve its motion seeking substitution on the Estate and the Executor of his Estate within 90 days.[7] Since Rule 25(a) does not require that such a motion be served within 90 days, the Court rejects that assertion. On contrary, Rule 25(a) expressly provides that service on non-parties shall be accordance with Rule 4 of the Federal Rules of Civil Procedure. Under Rule 4(m), service must be made within 120 days of the date upon which the document to be served was filed.

### C. Other arguments

Senser also argues that substitution should be denied due to futility, because of Plaintiff's misconduct and since neither his Estate nor the Executor of his Estate is a "person," as that term is defined by CERCLA. The Court addresses those three arguments in the above order.

*First,* Senser contends that the Court should decline to substitute parties, because it would be futile, given that the Government's claims are barred by the applicable statute of limitations. The statute of limitations defense is the subject of Senser's Motion for Summary Judgment Based upon Statute of Limitations (Doc. # 684). This Court will rule upon that motion by separate entry. It will not, however, deny the Plaintiff's request for substitution because of the pendency of that motion. Rather, the Court will treat that motion as if it had been filed by Senser's Estate and the Executor of his Estate. In other words, if the Court concludes that the motion seeking summary judgment on the issue of the statute of limitations is well taken, it will enter summary judgment in favor of the substituted Defendants, Senser's Estate and the Executor of his Estate. Accordingly, the Court

rejects the argument that it should deny the request for substitution because it would be futile.

*Second,* according to Senser, the Court should deny the request for substitution because of the Plaintiff's misconduct. In particular, Senser argues, without evidentiary support, that the Government has engaged in misconduct with respect to providing discovery. The Court rejects this basis for denying substitution, given that neither Senser nor Senser Metal has filed a motion during the course of this litigation, seeking an order compelling discovery.

*Third,* Senser argues that the Court should deny substitution, because neither the Estate nor the Executor of the Estate is a "person," as that term is defined by CERCLA. Section 101(21) of CERCLA defines "person" as "an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body." 42 U.S.C. § 9601(21). Neither an estate nor an executor is included in that list (although an executor is bound to be an individual, corporation, association, partnership or commercial entity). Nevertheless, this Court rejects Senser's argument, since "a substituted party steps into the same position of the original party." *Corbin v. Blankenburg,* 39 F.3d 650, 654 (6th Cir.1994) (*en banc*) (internal quotation marks and citation omitted). The Plaintiff is not seeking to recover from Senser's Estate and the Executor of his Estate, because one or both is a potentially responsible party. If the Plaintiff were seeking to recover from the Estate and the Executor of the Estate under such a theo-

---

**7.** It is not questioned that the Government filed its motion within 90 days of the filing of the first suggestion of death on May 19, 2006 (*see* Doc. # 675), given that the Government filed its motion on July 25, 2006. *See* Doc. # 683.

ry, liability could not be imposed upon either, unless it were a person. On the contrary, however, the Government seeks to recover from the Estate and Executor, because they have merely stepped into Senser's shoes, the deceased party they are replacing. Under this theory, it is no more necessary that the Estate and the Executor of the Estate be persons than for them to have arranged for the disposal of hazardous substances at the USL Site.[8] *See* 42 U.S.C. § 9607(a)(3) (imposing liability upon any person who arranges for the disposal of hazardous substances from which there is a release or threatened release, causing the Government to incur response costs). Accordingly, the Court rejects the argument that it should decline to permit substitution, because neither Senser's Estate nor the Executor of his Estate is a "person" under CERCLA.

Based upon the foregoing, the Court sustains Plaintiff's Motion for Substitution of Party Defendant (Doc. # 683). The Estate and Executor of the Estate of Saul Senser, deceased, are substituted for Saul Senser as parties Defendant in this action.

---

8. The Government's two theories against Senser are predicated upon the assertions that he and Senser Metal arranged for the disposal of hazardous substances at that Site.